## ROBB v. DOUGHERTY *et al.*

1. CHANCERY CAUSES ON APPEAL. Chancery causes commenced before the taking effect of the Revision of 1860, are tried in the Supreme Court *de novo*, and must be heard upon the evidence submitted to the Court below and not upon a finding of facts by the Court.

2. SAME. Such causes commenced after the taking effect of the Revision of 1860, and which are triable by the first method provided for in § 2999, are tried *de novo* in the Supreme Court on all the evidence.

*Appeal from Woodbury District Court.*

WEDNESDAY, DECEMBER 24.

IN CHANCERY. Bill to set aside and cancel certain judgments and remove a cloud from the title of land owned by the plaintiff. Issue was joined and the cause was heard and decree rendered for the defendants from which plaintiff appeals. The record contains the finding of facts by

the Court, but does not set out any of the evidence sub-
mitted on the hearing below.   The Clerk of the District
Court, in response to a rule, certified that there was no
deposition or bill of exceptions containing the evidence or
any part thereof on file in his office.

*Patrick Robb pro se* and *C. C. Cole* submitted arguments
on the merits, and contended that the case involved purely .
a question of law on the facts found by the Court, divested
of any question as to the sufficiency of the evidence to
sustain the finding.

. *Casady & Polk* for the appellee, contended that the cause
must be heard *de novo* on the evidence, and cited, Rev.
1860, § 2999; Const. 1857, art. 5, § 4; *Pierce* v. *Wilson
et al.*, 2 Iowa, 20; *Stockwell* v. *David*, 1 G. Greene, 115;
*Austin & Spicer* v. *Carpenter*, 2 Id., 131; *Garner* v. *Pome-
roy*, 11 Iowa, 149.

WRIGHT, J.— In Equity.   In a proceeding purely equi-
table commenced prior to the taking effect of the Revision
of 1860, the cause comes before us for hearing *de novo*.
And therefore the testimony and not simply the facts
found by the Court below should be sent up before we can
re-examine the case.

This case was heard upon oral and documentary evidence
upon the issues joined, but what the evidence was we are
not advised.   Parties are not bound by the facts found in
such cases, but may insist that the record should contain
the evidence, and that this Court should pass upon it *de
novo*.

If it is insisted that the action was commenced under the
Revision (and the record leaves the matter in some doubt)
then it is answered that it is clearly one of the causes which
should have been tried in the first of the methods provided
for in § 2999, *et seq.*, and no consent of the parties to try it

in the second method was entered of record, or filed in writing as contemplated by § 3001. If tried in the first method, therefore, (and under the law it was not otherwise tried,) then all the evidence should have been sent up that we might try it " on both the law and the facts as apparent of record." (§ 2999, Rev. 1860, subdiv. 3.)

Without, therefore, discussing the points made by appellants (which from the views above expressed, are not legitimately before us) we conclude that we cannot disturb the decree below.