(88 N. W. Rep. 710.)

## L. E. Mapes *vs.* R. L. Metcalf, *et al.*

### Opinion filed Dec. 24, 1901.

**Appeal—Trial De Novo Refused.**

This action was tried to the court without a jury under § 5630, Rev. Codes 1899. Pursuant to a stipulation of counsel and an order of the trial court only a part of the issues of fact were tried, and the remaining issues were expressly reserved for future trial and determination, and no evidence was offered thereon. Judgment was entered upon the evidence so submitted. Both parties have appealed from such judgment. Plaintiff appeals upon the judgment roll proper, and assigns errors upon the court's conclusions of law. Defendants have taken a cross appeal, with a view to securing a retrial upon the evidence, and to that end have settled a statement of case, containing all of the evidence offered at the trial, with a proper demand for a retrial and review of the entire case in this court. It is *held*, as to defendants' appeal, that this court is without authority to accord to them a retrial upon the evidence, for the reason that § 5630, supra, which is the entire source of our jurisdiction and authority to retry cases, only covers cases which have been fully submitted for final determination, and does not authorize a retrial of portions of a case.

**Sale of Good Will—Restraint of Trade.**

The purpose and legal effect of § 3927, Rev. Codes 1899, which authorizes "one who sells the good will of a business to agree with the buyer to refrain from carrying on a similar business within the specified county," etc., is to except contracts in restraint of trade which are made in accordance with said section from the condemnation of illegality otherwise resting on such contracts. It is necessary, however, to the validity of an agreement to refrain, such as is authorized by said section, that it shall be collateral and auxiliary to a sale of the good will of such business. Said section does not make valid a bare agreement to refrain, which is unaccompanied by a sale of the good will of a business.

**Contract Not in Restraint of Trade.**

One Mapes, who was the proprietor of a newspaper and job-printing business, entered into a written contract with the defendants, who were the proprietors of a rival newspaper and job-printing business in the same village, to discontinue his newspaper and job-printing business, and not to resume the same within the county for a period

of five years, in consideration of which defendants covenanted to pay him a certain share of the proceeds realized from the publication of legal notices during such period. Mapes discontinued his paper as agreed, and in all things complied with his covenant, and as a part of the transaction, but not particularly mentioned in the written agreement, transferred to the defendants his subscription list and the good will of his business. It is *held*, upon plaintiff's appeal, that the trial court erred in holding that the contract sued upon is void as being in restraint of trade, and in holding that no action can be maintained thereon.

### Waiver of Right to Arbitration.

It is *held*, further, that the defendants, by denying all liability under the contract, have waived any right which they may have had to require an arbitration, under the stipulations of the contract, as a condition precedent to the maintenance of the present action.

Appeal from District Court, Nelson County, *Fisk, J.*

Action by L. E. Mapes against R. L. Metcalf and others. Judgments for defendants, and plaintiff appeals. Reversed.

*Templeton & Rex,* for appellant.

A contract in restraint of trade is valid if it be limited either as to place or time, such limitation being reasonable. *Tode v. Gross,* 127 N. Y. 480; *Diamond Watch Co.* v. *Roeber,* 106 N. Y. 473; *Althen* v. *Vreeland,* 36 Atl. Rep. 479; *Fowle* v. *Parke,* 133 U. S. 88, 33 L. Ed. 67; *Anchor Electric Co.* v. *Hawkes,* 171 Mass. 101; *Oregon Steam Nav. Co.* v. *Windsor,* 87 U. S. 84, 22 L. Ed. 315; *Morse & Co.* v. *Morse,* 103 Mass. 73. The contract in suit is not void as tending to create a monopoly. *Diamond Watch Co.* v. *Roeber,* 106 N. Y. 473, 483; *Leslie* v. *Lorillard,* 110 N. Y. 519, 18 N. E. Rep. 366, 1 L. R. A. 456; *National Ben. Co.* v. *Union Hospital Co.,* 45 Minn. 272, 47 N. W. Rep. 806; *Perkins* v. *Lyman,* 8 Mass. 522; *Oakes* v. *Cattaraugus Water Co..* 143 N. Y. 430; *Matthews* v. *Associated Press,* 136 N. Y. 333; *Wood* v. *Whitehead Bros.,* 165 N. Y. 545. The case at bar in this aspect is similar to cases where physicians or other professional men have sold out their practice with a covenant not to re-engage in the same profession; such agreements have been uniformly held good. *Smalley* v. *Greene,* 52 Ia. 241, 35 Am. Rep. 267, 3 N. W. Rep. 78; *Haldeman* v. *Simonton,* 55 Ia. 144, 7 N. W. Rep. 493; *Cook* v. *Johnson,* 47 Conn. 175, 36 Am. Rep. 64; *Bunn* v. *Guy,* 4 East, 190; *Holbrook* v. *Waters,* 9 How. Prac. 335; *Stafford* v. *Shortreed,* 17 N. W. Rep. 756; *Dwight* v. *Hamilton,* 113 Mass. 175; *Martin* v. *Murphy,* 129 Ind. 464. The case at bar must be distinguished from cases of combinations, trusts, and pools, to limit production and enhance prices. The distinction between cases of this class and of the class of the case at bar is indicated in *Cummings* v. *Union Blue Stone Co.,* 164 N. Y. 404; *Dolph* v. *Troy Laundry Machine Co.,* 28 Fed. Rep. 553. It was contended in the lower court that Mapes sold nothing tangible, therefore the contract was void. Such contention is untenable. *Leslie* v. *Lorillard,* 110 N. Y. 519; *National Ben.*

*Co.* v. *Union Hospital Co.,* 45 Minn. 272; *Franz* v. *Bieler,* 58 Pac. Rep. 466, 56 Pac. Rep. 249, 126 Cal. 176; *Wood* v. *Whitehead Bros.,* 165 N. Y. 545. . The statutes of this state, § § 3926, 3927 and 3486, Rev. Codes, are not against appellant's position. Respondent's contention, that there was no breach of the obligations of the contract to warrant the bringing of suit until defendants had refused to arbitrate is not well founded. § 3925, Rev. Codes. By denying the validity of, and all liability under, the contract the defendants waived any right to arbitration. 2 Enc. L. 581, note 2; *Bailey* v. *Aetna Ins. Co.,* 77 Wis. 336, 46 N. W. Rep. 440; *Kahn* v. *Ins. Co.,* 34 Pac. Rep. 1059; *Menz* v. *Ins Co.,* 79 Pa. St. 478, 21 Am. Rep. ·80. The question is analogous to that arising in cases of replevin and conversion, where it is held that a failure to make demand before suit is cured by defendant's assertion of ownership and right to possession in his answer. *Guthrie* v. *Olsen,* 44 Minn. 404; *Kellogg* v. *Olson,* 34 Minn. 103; *Daggett* v. *Gray,* 42 Pac. Rep. 568. Section 3983, Rev. Codes, authorizes the sale of the good will of a business. Mapes bound himself not to draw off any of the customers, and a sale of the good will is necessarily implied thereby. *Lane* v. *Smythe,* 19 Atl. Rep. 199; *Boon* v. *Moss,* 70 N. Y. 465; *Mantsfield* v. *Ry. Co.,* 102 N. Y. 205.

*Bosard & Bosard* and *H. D. Fruit,* for defendants and respondents.

By the .contract of the parties any disagreement regarding the· interpretation thereof should have been settled by arbitration. Plaintiff did not offer to arbitrate or select an arbitrator as required by the· contract and until defendants refused· to arbitrate there was no breach of the ·contract sufficient to warrant the bringing of suit. *Westhaven* v. *Ins. Co.,* 84 N. W. Rep. 717; *Hembean* v. *Great Camp of Knights,* 49 L. R. A. 592. The contract sued on by plaintiff is in restraint of trade, and in the nature of a contract creating a monopoly, and is void. § § 3926, 3927, 3928, Rev. Codes; *Clark* v. *Needham,* 83 N. W. Rep. 1027; *U. S.* v. *E. C. Knight Co.,* 163 U. S. 16; *Wright* v. *Ryder,* 36 Cal. 342; *McMullen* v. *Hoffman,* 174 U. S. 639; *Western Wooden Ware Ass'n* v. *Starkey,* 74 N. W. Rep. 604; *Wintonburg* v. *Molyneaux,* 83 N. W. Rep 842; *U. S.* v. *Addyston Pipe & Steel Co.,* 29 C. C. A. 141, 46 L. R. A. 122; *Richardson* v. *Buhl,* 6 L. R. A. 457; *Peo.* v. *Milk Exchange,* 29 L. R. A. 437; *Morris Run Coal Co.* v. *Barclay,* 8 Am. Rep. 159; *Chapman* v. *Brown,* 48 N. W. Rep. 1074; *Carroll* v. *Giles,* 4 L. R. A. 154; *State* v. *Nebraska Distilling Co.,* 43 N. W. Rep. 155; *McCutcheon* v. *Mers Co.,* 31 L. R. A. 415; *Standard Oil Co.,* v. *Adouse,* 15 L. R. A. 598. The covenants of the defendant depend on the covenants of the plaintiff, and in order for the plaintiff to recover he must show a full compliance with the contract on his part. *Belt* v. *Stetson,* 26 Minn. 481. It will not suffice that the thing the plaintiff has done is as good as he agreed, it must be the· particular thing. *Bixbee* v. *Wilkinson,* 25 Minn. 481; *Dauchey* v.

*Drake,* 85 N. Y. 407. A party contracting to do several things for a certain consideration, when the value of each different thing is not stated, is bound to perform, or tender performance, of all the covenants which enter into the contract before suing to recover, and any material deviation from his contract will defeat a recovery. *McMillan* v. *Vanderlip,* 12 Johns. 165; *Jennings* v. *Camp,* 13 Johns. 95; *Husted* v. *Craig,* 36 N. Y. 221; *Brown* v. *Webber,* 38 N. Y. 187; *Catlin* v. *Tobias,* 26 N. Y. 218; *Borrowman* v. *Drayton,* 19 Moake's Eng. Rep. 341. Plaintiff violated substantial provisions of his contract, thereby depriving defendant of the benefits thereof. Defendant was then justified in abandoning further performance. *Brussie* v. *Peck Bros. & Co.,* 54 Fed. Rep. 820; *Lake Shore Ry. Co:* v.*Richards,* 38 N. E. Rep. 773; *Bond* v. *Carpenter,* 8 Atl. Rep. 539.

YOUNG, J. The plaintiff brings this action upon a covenant contained in a written contract executed by the defendants R. L. Metcalf and Meldonetta Metcalf in favor of one E. Mapes, and duly assigned by said Mapes to the plaintiff prior to the commencement of this action. Plaintiff demands a money judgment, and an accounting by the defendants for moneys alleged to have been received by them under said contract. Thomas J. Baird and Mary A. Rayburn are sureties on an undertaking given to secure said contract, and are made defendants herein. The defendants answered jointly, admitting the execution of the contract and bond in suit, but denying all liability thereunder, and denying that Mapes had complied with his covenants in said contract. The trial was to the court without a jury. The issues of fact as to the amount of plaintiff's damages were not tried, and no accounting was had. Prior to the trial of the case in the district court, upon stipulation of counsel for the respective parties an order was entered of record by the presiding judge to the effect that the "issue as to damages plaintiff may be entitled to recover herein be, and the same hereby is, reserved for trial and determination at such future time as may be fixed by the court, in the event that, after the trial and determination of the other issues in this case it shall be necessary to try such issue." Evidence was offered upon all other issues than that reserved, and, from the facts established by the evidence so offered, the court found, as a conclusion of law, that the plaintiff was not entitled to recover upon said contract. Judgment was ordered and entered dismissing the action, and awarding costs to the defendants. Both parties have appealed from the judgment. Plaintiff's appeal was perfected on July 25, 1901, and is taken upon the judgment roll proper. Upon this appeal error is predicated solely upon the decision of the trial court. The particular assignment relied upon is the conclusion of the trial court that the contract in suit is void and that no action can be maintained thereon.

After the plaintiff's appeal was perfected the defendants took a cross appeal from the judgment, with a view to securing the review of the entire case in this court upon the evidence. To this

end, they caused to be settled and brought into the record a state-
ment of the case, embracing all the evidence offered and proceed-
ings had at the trial, including therein a specification "that they
desire a retrial and review of the entire case in the supreme court."
The structure and contents of the statement are in strict conform-
ity to the requirements of § 5630, Rev. Codes 1899, under which
the case was tried, which section also prescribes the conditions
upon which a retrial may be had in this court. No defect in the
form or contents of the statement is shown or claimed to exist.
Nevertheless, we are agreed, for reasons which will hereafter be
stated, that this court is without lawful authority to accord to de-
fendants the review and retrial which they seek. The only authority
possessed by this court to retry cases is conferred by § 5630, Rev.
Codes 1899, and the provisions of said section operate as a limita-
tion upon our authority to do so. That section, in unmistakable
language, as, repeatedly construed by this court, authorizes and
requires a final disposition of cases appealed thereunder at our hands.
That the express purpose of this statute is to secure a speedy and
final determination by this court of actions appealed thereunder, does.
not admit of doubt. The original act (chapter 82, Laws of 1893) re-
quired the supreme court to "render final judgment according to the
justice of the case." The same requirement as to rendering final judg-
ment was embodied in the amended act (section 5630, Rev. Codes.
1895). The statute now in force, while differing in some respects
from the former act, nevertheless retains those features which re-
quire a review of cases appealed thereunder on their merits, and a
final dispostion of the same by this court. Under former acts we
were even without authority to order a new trial. The hardship
necessarily incident to this lack of authority was relieved by the
present law, which permits this court to order a new trial when nec-
essary, and in furtherance of justice. It is clear that § 5630, Rev.
Codes 1899, only authorizes appeals to this court for the purposes
of a retrial thereunder in cases where the entire case is presented to
this court for review and final determination. A retrial of a part of the
issues or of a fragment of a case by this court would not only be
contrary to the spirit of the statute, but in violation of its express
language. Have we authority, then, to accord to the defendants a re-
trial? We are unanimous in the opinion that we have not. It ap-
pears upon the face of the record before us that a portion of the is-
sues made by the pleadings has not been tried; further, that by
stipulation of counsel and upon the order of the trial judge, the issues
of fact as to the amount of plaintiff's recovery were reserved for fu-
ture determination, and no evidence was offered upon such issues
in the trial court. If it were conceded that this stipulation was
proper for the conduct of the trial in the district court, the fact
remains that a retrial in this court is an entirely different matter,
and cannot be governed by stipulation of counsel. The right to a
retrial, and our authority to retry, depend entirely upon the stat-

ute. The statute, as we have seen, only authorizes a retrial where the entire case is presented for review and final determination. It follows, therefore, that the parties to this litigation by reserving some of the issues involved for future determination, voluntarily deprived themselves of the right to secure a review and final determination of the case at the hands of this court under § 5630, under which defendants' appeal is taken. The record shows upon its face that only a portion of the case is presented to this court for retrial. No such retrial is authorized by the statute. The defendants' attempt therefor, to secure a review of the evidence, is entirely unavailing for any purpose. Counsel for plaintiff made a preliminary motion to strike out certain portions of the abstract prepared by defendants. on their appeal. Our conclusion that the defendants are not entitled to a review of the evidence under the statute renders a consideration of this motion unnecessary.

We now turn to plaintiff's appeal. The only question for determination is whether the contract sued upon is void. It appears from the findings of fact contained in the record that on and prior to January 2, 1894, E. Mapes was the owner and publisher of a newspaper known as the "Nelson County News," published at Lakota, in Nelson county, and operated a job-printing plant in connection therewith. The defendants R. L. Metcalf and Meldonetta Metcalf were the owners and publishers of a newspaper known as the "Observer," published at the same place, and they also operated a job-printing plant. On January 2, 1894, the parties entered into a written contract, which, as far as material, is as follows: " * * * For and in consideration of the discontinuance of the Nelson County News, now published as aforesaid, on or before February 9th, 1894, and of the covenants and agreements of the said E. Mapes to do no job work or printing of any kind or nature whatsoever for parties resident of Lakota, and agreeing to neither re-establish the Nelson County News as a newspaper at Lakota, or to directly or indirectly countenance or assist in the establishment of another newspaper at Lakota, or at any other point in Nelson county, for the term of five years from the date of this agreement, the said R. L. Metcalf and Meldonetta Metcalf, for themselves, their heirs, executors, and assigns, agree to and with the said E. Mapes, his heirs, executors, and assigns, to pay to the said E. Mapes one-half of all moneys received by them for the publication of legal notices for a term of five years from date * * * That these payments shall be made on the first day of each month for such publications as shall be completed at any time during the preceding month. * * * That they shall be allowed the sum of twenty cents per thousand ems for composition on all legal notices as above described. * * * It, however, is especially understood and agreed that, if at any time the said R. L. Metcalf and Meldonetta Metcalf shall make a bona fide sale of the plant referred to, they shall be allowed to com-

mute the balance remaining due on this agreement at the rate of
$150 per annum for such time as shall be unexpired. * * *"
It further appears that said E. Mapes has fully complied with all
his covenants and agreements contained in said contract; that since
January 2, 1894, the defendants have continued the publication of the
Observer, and during this time have published legal notices therein
of the kind covered by the agreement; that said defendants paid
to E. Mapes under said contract the sum of $707.16,—the last
payment having been made in November, 1895; that since that
date they have refused to make any further payment; that said
E. Mapes assigned his cause of action on the contract to compel an
accounting to the plaintiff, L. E. Mapes, prior to the commencement
of this action. The trial court not only found that E. Mapes discon-
tinued the publication of his paper, but that he also turned over the
subscription list and good will of said paper and printing business to
defendants. The facts thus far narrated present all that is necessary
for a determination of the questions presented by plaintiff's appeal.

The trial court found, as a conclusion of law, that the contract
in question is in restraint of trade, and is void as against public
policy, and that no action, therefore, can be maintained thereon.
The appellant assigns error upon this conclusion, and the correct-
ness of this conclusion is the only question presented for determi-
nation. We are not able to agree with the trial judge that the
contract in question is void. The principles upon which contracts
in restraint of trade have been held void by the courts of England
and this country proceed upon the theory that the public welfare
demands that private citizens shall not be allowed, even by their
own voluntary contract, to restrain themselves unreasonably from
the prosecution of trade, callings, or professions, or from embark-
ing in business enterprises in the promotion and encouragement of
which the public has an interest. Just what amounts to a reason-
able restriction becomes a question of much delicacy, to be deter-
mined upon the facts peculiar to each case. In this case, however,
we are freed from the embarrassment of judicially determining
whether the restraints imposed by this contract are reasonable or
unreasonable, by an express statute upon the subject. Section
3926, Rev. Codes 1899, provides that "every contract by which any
one is restrained from exercising a lawful profession, trade or busi-
ness of any kind otherwise than as provided by the next two sec-
tions is to that extent void." Section 3927, Rev. Codes 1899, pro-
vides that "one who sells the good will of a business may agree with
the buyer to refrain from carrying on a similar business within a
specified county, city or a part thereof so long as the buyer or
any person deriving title to the good will from him carries on a like
business therein." "The good will of a business is the expectation
of continued public patronage, but it does not include the right to
use the name of any person under whom it was acquired." Section
3486, Rev. Codes 1899. "The good will of a business is property,

transferable like any other property." Rev. Codes 1899, § 3487. See, also, § 3267, Rev. Codes 1899. And "one who sells the good will of a business thereby warrants that he will not endeavor to draw of any of the customers." Section 3983, Rev. Codes 1899. The good will of one's business, although intangible, is deemed by the law to be a thing of value, and is adequate as a consideration for the promise of a purchaser, and may form the subject-matter of a contract of sale, in whole or in part. *Cruess* v. *Fessler,* 39 Cal. 336; *Herfort* v. *Cramer,* 7 Colo. 483, 4 Pac. Rep. 896; *Brett* v. *Ebel,* 29 App. Div. 256, 51 N. Y. Supp. 573; *Bank* v. *Warren,* 94 Wis. 151, 68 N. W. Rep. 549; *Smock* v. *Pierson,* 68 Ind. 405, 34 Am. Rep. 269; *Leslie* v. *Lorillard,* 110 N. Y. 519, 18 N. E. Rep. 363, 1 L. R. A. 456; *National Benefit Co.* v. *Union Hospital Co.,* 45 Minn. 272, 47 N. W. Rep. 806, 11 L. R. A. 437; *Franz* v. *Bieler,* 126 Cal. 176, 56 Pac. Rep. 249, 58 Pac. Rep. 466; *Wood* v. *Whitehead Bros. Co.,* 165 N. Y. 545, 59 N. E. Rep. 357; Bish. Cont. § 65, and cases cited. It has always been held lawful for the vendor of the good will of a business to bind himself to refrain from conducting a like business within a limited territory and for a limited period, provided, only, that his agreement to refrain shall be no more extensive than is necessary to secure to the vendee the fruits of his purchase. Such covenants are ordinary incidents to the sale of the good will of a business. Hence the question in these cases is whether the agreement to refrain was necessary to secure to the purchaser the fruits of his purchase. In the case at bar this question is settled in favor of the validity of the contract involved in this particular by section 3927, Rev. Codes 1899, above quoted. The restraint imposed by the contract is within the territorial limits authorized by said section. It is contended, however, that the agreement to refrain from carrying on a business must be auxilliary and collateral to a sale of the good will of the business; that is, the transaction must involve more than a bare agreement to refrain. We think this construction is entirely sound, and that it follows necessarily not only from the language of the section, but from its purpose, which is to permit a purchaser to secure the property which he buys, namely, the good will of a business. The question which is entirely decisive of this case, then, is this: Did Mapes sell to the defendants the good will of his business? It is contended by counsel for defendants that the transaction was purely and simply an agreement on the part of Mapes, for the consideration named in the contract, to refrain from doing business, and that there was no sale of the good will whatever. This evidently was the view taken by the trial court. We reach an opposite conclusion, and are of opinion that the facts found by the trial court fairly establish that Mapes sold the good will of his business to defendants, that such sale furnished the consideration for defendants' promise to pay contained in the contract, and that Mapes' agreement to refrain from publishing a newspaper and doing job printing within the time and ter-

ritory limited by the contract was collateral to such sale, and was for the purpose of securing to the defendants the good will so purchased. It is true, the contract does not use the words "good will," but that fact is not controlling. The contract shows upon its face that, at and prior to the making of the contract, Mapes was conducting a newspaper and job-printing business in Lakota, at which point the defendants also conducted a newspaper and job-printing business. The good will of his business, as we have seen, was property of a greater or less value. In consideration of the defendants' promise to make the payments named in the contract, Mapes agreed (1) to discontinue his business; (2) to refrain from following it for the time and within the territory named in the contract. This agreement, as we have already seen, he has fully performed. These provisions, in our judgment, evidenced a sale of the good will by Mapes to the defendants. No other deduction seems possible. Mapes, it is conceded, did not sell and transfer to the defendants any portion of his printing plant or, in fact, any tangible property. He did, however, surrender his business, and did so in pursuance of the contract in question. It is evident that the covenants of the defendants in the contract were to compensate Mapes for the benefits which they expected to derive from his surrender of his business. We conclude that the necessary legal effect of the contract was a sale by Mapes, for the consideration therein named, to the defendants, of the good will of his business. Such was the construction placed by Mitchell, J., upon a contract somewhat similar in *National Benefit Co.* v. *Union Hospital Co.*, (Minn.) 47 N. W. Rep. 806, 11 L. R. A. 437. In this view, the contract shows upon its face that the defendants' promise to pay, upon which this suit is brought, is based upon a lawful consideration. In this case, however, we are not confined to the uncertain language of the contract in determining what the transaction was, for the fact is expressly found that Mapes not only discontinued the publication of his newspaper as agreed, but that he also, as a part of the transaction, turned over his subscription list and the good will of his paper and printing business to the defendants. It is true, the fact of the turning over of the good will and subscription list is not mentioned in the written contract, and is a fact which is entirely outside of the contract, but that is entirely immaterial. The inquiry here is whether the defendants' promise is based upon a sufficient and lawful consideration? The consideration expressed in the written instrument is not conclusive; it may be explained or contradicted; and, under the modern rule, it may be shown that the instrument does not state the whole consideration, but that there were other considerations between the parties in addition to that expressed. *Levering* v. *Shockley,* 100 Ind. 558, *Nichols, Shepard & Co.* v. *Burch,* 128 Ind. 324, 27 N. E. Rep. 737; *Coles* v. *Soulsby.* 21 Cal. 47; *Bank* v. *Aull's Adm'r,* 80 Mo. 199; 6 Am. & Eng. Enc.

N. D. R.—39

Law (2d Ed.) 772. The contention of the defendants' counsel that the omission of the written contract to recite the tranfer of the good will and the subscription list by Mapes to the defendants renders such transfer entirely immaterial·and voluntary cannot be sustained. As we have seen, it is competent to prove the true consideration. We are of opinion that the transaction in the case at bar involved a sale by Mapes of the good will of his business, and his agreement to refrain from conducting a similar business was merely collateral to such sale, from which it follows, of course, that the contract in suit was one authorized to be made by section 3927, Rev. Codes 1899, before quoted, and that defendants are liable on the covenant sued upon in this action. A large array of authorities are cited by counsel for both parties relating to contracts in restraint of trade. We believe that, without exception, they are cases wherein the aid of the courts was invoked either to force covenants in restraint of trade, or to recover damages for breaches of such covenants. The question in the case at bar is entirely different. Here the contract to refrain has been fully performed, and the present action is to recover on defendants' promise to pay for the benefits which they have concededly received. Whether they could defeat a recovery if the contract were in fact illegal, as in restraint of trade, after having received all of the benefits thereunder, we do not determine. The statute above referred to is, of course controlling on the question of the legality of this contract.

One further question remains: The contract contains a stipulation that, in case of any disagreement as regards its interpretation, the same shall be settled by arbitration. Counsel for defendants urge that the present action cannot be maintained, because it does not appear that the defendants have refused to arbitrate. This contention cannot be sustained. It is not necessary to consider whether the arbitration provided for was intended to be a condition precedent to an action on the contract, or whether the agreement to arbitrate covers any of the questions involved in this action, for the reason that the defendants, by denying all liability under the contract, have waived any right which they may have had to submit any question here involved to arbitration. 2 Am. & Eng. Enc. Law, p. 581, and cases cited in note 2.

For the reason stated, the judgment will be reversed, and the case remanded to the district court for further proceedings, and it is so ordered. All concur.