(88 N. W. Rep. 1023.)

---

## SILAS W. PRESCOTT *vs.* GEORGE BROOKS.

---

**Appeal—Time of Taking—Retrial—Jurisdiction.**

. Section 5605, Rev. Codes, which limits the time in which an appeal may be taken to the supreme court from judgments rendered in actions wherein the parties against whom the judgments are entered have appeared to one year "after written notice of the entry thereof," construed. *Held,* that the written notice of the entry of judgment required by said section to set the time for appeal running in order to be available against an appellant must be served upon such appellant by his adversary, and that service by an appellant upon the respondent does not operate to limit appellant's time for appeal. Section 5630, Rev. Codes, and the statutes amended thereby, introduced a new method of trial and appeal in actions tried in the district courts without a jury, and as to appeals taken thereunder imposes duties upon this court entirely unlike those created by the general appeal law. Upon appeals taken for the purpose of securing a retrial under said section, this court is required to make a final disposition of the case, except when, for the accomplishment of justice, a new trial shall be ordered. It follows necessarily that the only retrial authorized by said section is upon an appeal from the entire judgment and a complete transference of jurisdiction of the case to this court. It is accordingly. *held,* that defendants' appeal, which is from a portion of a judgment,

and is accompanied by a request for a retrial of only a portion of the case, does not confer jurisdiction upon this court to enter upon a retrial under said section, and the same is therefore dismissed. Wallin, C. J., dissenting as to grounds of dismissal.

Appeal from District Court, Pembina County; *Fisk, J.*

Action by Silas W. Prescott against George Brooks. Judgment for plaintiff, and defendant appeals. Dismissed.

*Cochrane & Corliss,* for appellant.

When a mortgage is executed as security for money due or to become due on a promissory note, bond or other instrument designated in the mortgage, the record of the assignment of the mortgage is not, of itself, notice to a mortgagor, his heirs or personal representatives, so as to invalidate any payment made by them or either of them to the person holding such note, bond or other instrument. § 4717 Rev. Codes. The implication from the statute is that the recording of the mortgage shall be notice, if the original payee no longer holds the note, bond or other instrument. *Rogers* v. *Peckham,* 52 Pac. Rep. 483. This appeal is from a divisible judgment consisting of two parts; one part adjudging the validity of the $880 mortgage and decrees the foreclosure thereof; the other adjudges the payment of the $500 mortgage and decrees the satisfaction thereof. There is nothing in our statute or system of procedure which does away with or calls for any modification of the settled rule, applicable alike to appeals in equitable as well as in legal actions, that, upon an appeal by one party from a distinct portion of the judgment, the respondent cannot ask for a review of either portion of the judgment adverse to him from which he, himself, does not appeal. *Mackall* v. *Mackall,* 135 U. S. 167-170; *Winslow* v. *Wilcox,* 105 U. S. 447; *Chittenden* v. *Brewster,* 2 Wall. 191; *Clark* v. *Killian,* 103 U. S. 766; *U. S.* v. *Blackfeather,* 155 U. S. 180; *Building and Loan Assn.* v. *Logan,* 66 Fed. Rep. 827; *Mapes* v. *Coffin,* 5 Paige, 296; *Kelsey* v. *Western,* 2 N. Y. 501-505; *Schlawig* v. *De Peyster,* 49 N. W. Rep. 843; *In re Stumpenhouse Estate,* 79 N. W. Rep. 376; *Matthews* v. *Imperial Acct. Assn.,* 81 N. W. Rep. 484; *Sabin* v. *Burke,* 37 Pac. Rep. 352; *Poe Mut. Life Ins. Co.* v. *Fisher,* 39 Pac. Rep. 758; *Goldsmith* v. *Elwert,* 50 Pac. Rep. 867; *Hoslam* v. *Hoslam,* 56 Pac. Rep. 243; *Cox* v. *Stokes,* 51 N. E. Rep. 316; *Sanitary Dist.* v. *Adams,* 53 N. E. Rep. 743; *The Stebben Morgan* v. *Good,* 94 U. S. 599; *May* v. *Gates,* 137 Mass. 389; *Morse* v. *Smith,* 83 Ill. 396; *Talcott* v. *Noel,* 78 N. W. Rep. 39-41; *Buck* v. *Fitzgerald,* 54 Pac. 942; *Phillips* v. *Reynolds,* 55 Pac. 316; 2 Beach Mod. Eq. Pr. § 935 and cases; *Phoenix Ins. Co.* v. *Ward,* 26 S. W. Rep. 762; *Bank* v. *Babbitt,* 13 S. E. Rep. 177-179-180.

*W. H. Standish,* for respondent.

Where the appellant, himself, draws up and enters an order he has notice in fact of the order at the time he so enters the same. It

is not necessary for the adverse party to give him formal notice to limit his right of appeal. *Coal Co.* v. *Dyett,* 4 Paige Ch. 273; *Jenkins* v. *Wilds,* 14 Wendall, 544. The Appellate Court cannot relieve appellant from the effect of misfortune, accident or mistake unless the statute expressly authorizes relief; therefore, the appellant's right to appeal lapses with the expiration of the statutory period. 2 Enc. Pl. & Pr. 245. The burden of proof to show legal service for appeal is on appellant. *State* v. *Johnson,* 109 N. C. Rep. 853; *Finlayson* v. *Am. Acct. Co.,* 109 N. C. 196. Also to show that proper filing was made. *Attoway* v. *Goldsmith,* 18 S. W. Rep. 604; *Tootle* v. *French,* 2 Idaho, 744. Where the statute requires an appeal to be perfected within a prescribed period it is jurisdictional and the transcript must be filed within the time expressed or the appeal will be dismissed. 2 Enc. Pl. & Pr. 277. *Chamberlain* v. *Hedges,* 73 N. W. Rep. 75. In cases tried to the court under § 5630, Rev. Codes, it is not legally permissible to appeal from a part only of the judgment; it must be taken from the entire judgment in all cases. *Barkley* v. *Logan,* 2 Mont. 296; *Plaisted* v. *Nawlan,* 2 Mont. 359; *Hines* v. *Hines,* 84 N. C. 122; *Arrington* v. *Arrington,* 91 N. C. 310; *Thompson* v. *Thompson,* 23 Wis. 624; *Murphy* v. *Spaulding,* 46 N. Y. 556; *In Re N. Y. etc. Ry. Co.,* 44 Hun. 275; *Bennett* v. *Van Sycle,* 18 N. Y. 481; *Taylor* v. *Taylor,* 5 N. D. 58.

YOUNG, J. Plaintiff instituted this action for the purpose of determining the amount due on his two promissory notes, secured by mortgages in favor of one S. W. McLaughlin, upon a tract of land situated in Pembina county. The mortgage first executed secured a principal note for $500, with interest coupons thereto attached. This mortgage was executed on December 2, 1887. The other mortgage was given on December 9, 1889, and secured the payment of a principal note of $880, with interest coupons attached thereto, and covered the same land. Both notes were non-negotiable. The last, or $880, note was given by plaintiff to pay the $500 note. The excess above the amount due on the $500 note was paid to plaintiff by McLaughlin in cash, but the latter did not cancel the $500 note, or release the mortgage securing the same. McLaughlin assigned both mortgages to other parties. The $500 note and mortgage were transferred to one Helen M. Andrews, and the $880 note and mortgage to the defendant George Brooks. Both were made defendants in the action. No objection was made by either party to the form of the action or to their joinder as defendants. They answered separately, and demanded judgment for the full amount secured by their respective mortgages and a foreclosure of the same. Plaintiff claims that he should have credit for the $500 which was not paid to him from the $880 loan, and demands that the same be credited either upon the $500 note or the $880 note. Helen M. Andrews alleged in her answer that the $500 note had not been paid, and that the mortgage securing the same was a first lien on the premises for the full

amount of the note with interest. Defendant Brooks, in his answer, denied that the $500 note had not been paid, and alleged that S. W. McLaughlin was the agent of Helen M. Andrews for the collection of the $500 note, and that "said mortgage and note alleged to be held by said defendant Helen M. Andrews was fully paid to said S. W. McLaughlin on or about December 9, 1889," which was the date of the execution and delivery of the $880 mortgage, and asked that his $880 mortgage be declared a first lien on the premises, and that the Andrews mortgage be declared paid and canceled. After issue was joined, but before trial, the defendant Brooks purchased the $500 note, and took an assignment of the mortgage securing the same, so that when the case came to trial he was the owner of both mortgages. The pleadings, however, were not amended. The case was tried to the court without a jury, under the provisions of § 5630, Rev. Codes 1899. The trial court sustained the allegations contained in the answer of Brooks, and found, as a conclusion of law, "that the giving of the $880 note by the plaintiff to the said S. W. McLaughlin paid and satisfied the said $500 note and mortgage aforesaid, and that plaintiff was entitled to judgment canceling said note and mortgage," and that defendant Brooks is entitled to "the usual decree of foreclosure and sale on the said $880 note and mortgage," etc. In accordance therewith a judgment and decree of foreclosure was entered as to the $880 note and mortgage, which judgment also declared the $500 note and mortgage null and void, and directing their cancellation. The defendant Brooks now seeks a review of the case in this court with respect to the $500 note and mortgage purchased during the pendency of the action. To this end he caused a notice of appeal to be served on plaintiff, specifying an appeal from that particular portion of the judgment, and also caused a statement of the case to be settled, containing all of the evidence offered at the trial, and containing a "specification of the questions to be tried in the supreme court," in which he "specifies that he desires the supreme court to review the entire case with respect to the $500 note and mortgage held by the defendant Andrews at the time of the commencement of this action, and assigned to the defendant Brooks by defendant Andrews during the pendency of this action, and with respect to the counterclaim set up in the answer of the defendant Andrews upon said note and mortgage, and praying for the foreclosure thereof; said defendant specifies that he desires the supreme court to review the question whether said mortgage has ever been paid. * * *"

Before the case was submitted to this court on the merits, counsel for the plaintiff made a preliminary motion to dismiss defendant's appeal, upon the ground that the appeal was not taken within the time allowed by law, in this, that "the notice of entry of judgment was served on plaintiff's counsel on August 4th, 1900, and no appeal notice or appeal bond was filed in the district court of Pembina county until August 7th, 1901." This motion must be denied. The

facts as to the service of notice of the entry of judgment and filing of notice of appeal and undertaking are as stated in plaintiff's motion. But it will be noted that the service of the notice of entry of judgment relied upon was made by appellant upon respondent, and not by respondent upon the appellant. In fact no notice of entry was served by respondent, and he has taken no steps to limit the time in which appellant might avail himself of his right to appeal. The time within which appeals may be taken to this court is regulated by § 5605, Rev. Codes, which reads as follows: "An appeal from a judgment may be taken within one year after the entry thereof by default, or after written notice of the entry thereof in case the party against whom it is entered has appeared in the action, and from an order within sixty days after written notice of the same shall have been given to the party appealing. * * *" This not being a judgment by default, an appeal could be taken by a party desiring to appeal therefrom at any time prior to the expiration of the one-year period allowed, after written notice of the entry thereof. It will also be noted that as to this judgment the time for appealing did not begin to run from its rendition, nor from its entry; neither did it begin to run from actual notice or knowledge of the entry of the judgment. The language of the statute is explicit. It grants a period which does not expire until one year after written notice of the entry of the judgment in which to appeal. This statute places it in the power of either party to a judgment to set the time for an appeal running against his adversary, by serving upon him a written notice of entry of judgment. But it is clear that by serving such notice a party does not set the time running against himself, and thus limit his period for appealing. His service of notice is to cut off his adversary's time for appeal. So far as we are able to learn, there is entire harmony in the decisions of courts of last resort in construing statutes like that now under consideration, and the conclusion is general that an appellant's time for appeal can be cut off or set running only by service of written notice upon him, and that does not commence to run against him by his service upon his adversary. Section 9, Ch. 264, Laws Wis. 1860, provided that appeals from orders might be taken "within 30 days after written notice of the making of the same." The supreme court of that state, in construing this provision in *Corwith* v. *Bank*, 18 Wis. 563, 86 Am. Dec. 793, said: "We think it is very clear, from the language here employed, that it was not the intention of the legislature to limit the right of appeal from an order to the period of thirty days from the time the party whose rights are adversely affected by it has notice or knowledge of the entry of the order; for if this were the real object and intent of the statute, then it might with propriety be held that verbal notice, or the fact that the party was in court when the order was announced, would be sufficient. But the statute

N. D. R.—7

requires that, in order to limit the time for appealing, written notice must be given of the entry of the order. This is a limitation upon the right of appeal, and the prevailing party can set the statute running against his adversary by giving the written notice prescribed therein. He has the whole matter under his control, and can set the statute running when he pleases. The corresponding provision of the New York statute is substantially the same as § 9. In *Rankin* v. *Pine*, 4 Abb. Prac. 309, this precise question was presented to the supreme court of the Second district at general term. It was there held that the service of written notice of a judgment or order, in order to limit the right of appeal by the expiration of thirty days (as contemplated by § 332 of the Code of that state), is necessary, even when the appeal is taken from a judgment or order entered by the appellant himself. And when we consider the whole statute, and have regard to the principle that the right of appeal is favored by the courts, we are satisfied that this construction is the one to be adopted. The cases of *Fry* v. *Bennett*, 7 Abb. Prac. 352, *Leavy* v. *Roberts*, 8 Abb. Prac. 310, *Starling* v. *Jones*, 13 How. Prac. 423, and *Sherman* v. *Wells*, 14 How. Prac. 522, will be found to have a strong bearing upon the point we have been considering." See, also, *Kilmer* v. *Hathorn*, 78 N. Y. 228; *Champion* v. *Society*, 42 Barb. 441; *Livingston* v. *Railroad Co.*, 60 Hun. 473, 15 N. Y. Supp. 191. It is just to counsel for plaintiff to say that since making his motion to dismiss he has filed a brief stating that after a careful review of the authorities he has concluded that his motion to dismiss cannot be sustained.

We have reached the conclusion, however, that the retrial which defendant seeks cannot be accorded, for fatal jurisdictional reasons. The case was tried to the court without a jury under § 5630 of the Revised Codes of 1899, and the sole purpose of this appeal is to secure a retrial under said section. The defendant has appealed from only a part of the judgment, and seeks a review in this court of only that portion of the case which pertains to the part of the judgment appealed from. In other words, appellant presents a fragment of a case for our consideration, and asks us to retry that fragment, and finally dispose of the same entirely independent of the remaining portions of the judgment, which, if the position of counsel is sound, remains intact in the district court, unaffected by this appeal. Counsel for appellant state their position in their brief as follows: "With that portion of the judgment which adjudges that the $880 mortgage is valid, defendant finds no fault, and, inasmuch as we have not appealed from the judgment, that portion thereof must stand, as it is elementary law, * * * that the respondent cannot have reviewed, upon the appellant's appeal from a portion of the judgment, another portion of the judgment adverse to the respondent from which respondent does not appeal." The question presented is whether § 5630, Rev. Codes, which is the source of the jurisdiction of this court to retry cases, authorizes an appeal

from a portion of a judgment and a retrial of a portion of a case in this court. We are of the opinion that it does not. In reaching this conclusion we are materially aided by the interpretation placed by this court upon prior statutes relating to trials de novo in this court. Chapter 82, Laws 1893, which was the original enactment, introduced into the judicial system of this state a new mode of trial in the district court and upon appeal, as to actions tried to the court without a jury, which is unlike anything theretofore existing in this jurisdiction. Under the old system cases were presented upon appeal for the purpose of reviewing and correcting errors of the trial court solely, and the powers conferred upon this court by an appeal did not extend to an independent review of the case and final determination of the same on the merits. This was changed by direct legislation as to cases tried to the court without a jury. An appeal under § 5630 plainly authorizes and requires this court to dispose of cases brought here under said section upon the merits, regardless of the action of the trial court; and this was also true under the previous statutes, which were, in this particular feature, substantially the same as § 5630, under which the appellant is seeking a retrial. Chapter 82, Laws 1893, required the supreme court to "try the case anew * * * and render final judgment according to the justice of the case." The same requirements as to retrial and final judgment were embodied in the amended act (§ 5630, Rev. Codes 1895), and in the exact language above quoted. From a brief reference to the provisions of Chapter 5, Laws 1897, now known as § 5630, Rev. Codes 1899, it will be seen that in their general nature and purpose they do not differ materially from those contained in previous statutes, and that under said section this court is required to review the case upon the merits and make a final disposition of the same. In *Tyler* v. *Shea*, 4 N. D. 377, 61 N. W. Rep. 468, 50 Am. St. Rep. 660, which was tried under Chapter 82, Laws 1893, . plaintiff sought, by an appeal to this court, to secure a modification of a portion of the judgment of the trial court. This court denied the modification, upon the ground that an appeal to this court under that law opened the entire case for investigation. We quote at length from the opinion: "The terms of the act under which the appeal is taken will not permit our mere modification of the judg-ment appealed from. We are required by this law to try the case anew upon the same record, and to render final judgment in the action. * * * The appellant could not ask for a new trial of the case with reference to those provisions of the judgment which were against him, and at the same time insist that the balance of of the judgment favorable to him should stand without investigation. When a case is appealed for a new trial, the whole case is open for judicial inspection; and the decision upon such new trial must necessarily be founded upon an examination of the case as broad as that made by the lower court. When a party who has been defeated as to a portion of his claim in a justice's court appeals

for a new trial in the district court, he cannot there insist that the judgment, in so far as it is favorable to him, shall stand, and only the balance of the case be litigated. The whole case is to be tried anew, and in that trial he runs the risk of losing that which the justice's judgment gave him. Where the claim is indivisible, and is all in dispute, the appeal for a new trial gives the defendant the same right to be heard on the whole case which it gives to the plaintiff, who appeals. In such a case, the ordinary rule that the respondent cannot complain of those portions of the judgment which are against him, or, indeed, of any portion of the judgment, does not apply, because the appellant, by the nature of the relief he seeks by his appealing for a new trial, opens up the entire case to a second investigation. Indeed, there is high authority for the doctrine that such an appeal, of itself, supersedes the judgment appealed from, and annuls it as effectually as though a new trial had been granted by the court in which it was rendered. These authorities hold that the appeal places the case in the same position as though it had never been tried. The judgment no longer exists for any purpose. *Bank* v. *Wheeler,* 28 Conn. 433, 73 Am. Dec. 683; *Curtis* v. *Beardsley,* 15 Conn 518; *Campbell* v. *Howard,* 5 Mass 376; *Sharon* v. *Hill* (C. C.), 26 Fed. 337-345; *Earl* v. *Hart* (Mo. Sup.), 1 S. W. Rep. 238; *Burns* v. *Howard,* 9 Abb. N. C. 321; *Yeaton* v. *U. S.,* 5 Cranch, 281, 3 L. Ed. 101; *State* v. *Forner* (Kan. Sup.), 4 Pac. Rep. 357." The authorities cited by the court in the above case entirely sustain its conclusion as to the effect of the appeal. See, also, *Irvine* v. *The Hesper,* 122 U. S. 256, 7 Sup. Ct. 1177, 30 L. Ed. 1175; *Lewis* v. *Trant,* 9 C. C. A. 54, 60 Fed. 423; *Austin* v. *Carpenter,* 2 G. Greene, 131; *Robb* v. *Dougherty,* 14 Iowa, 379; *State* v. *Orwig,* 27 Iowa, 528. Later, in *Christianson* v. *Association,* 5 N. D. 438, 67 N. W. Rep. 300, 32 L. R. A. 730, in which the 1893 law was held to be constitutional, it was said that an appeal thereunder requires "the independent judgment of this court upon the record presented, irrespective of what the trial court may or may not have held." The court, speaking through Bartholomew, J., said: "The statute under discussion requires us to render final judgment, and thus, by its mandate, forever terminate the particular litigation. This is such an innovation upon a practice that is familiar to and well settled in the professional mind that it is received with distrust. But to the legislative mind it doubtless suggested a means of terminating litigation in a manner that should at once possess the strongest probability of absolute justice with the least expenditure of time and money. It avoids the delay and expense of a second trial, and the risk of further errors that might necessitate a second appeal." Still later, in *Nichols & Shepard Co.* v. *Stangler,* 7 N. D. 102, 72 N. W. Rep. 1089, the court, in construing § 5630, Rev. Codes 1895, after pointing out that in this class of appeals this court does not sit for the correction of errors, said, "On the contrary, we are required in such cases to try the case anew upon all the evidence offered below."

We will now turn to § 5630, Rev. Codes 1899, under which this case was tried and the appeal taken, to ascertain whether said section also places upon this court the duty of reviewing and finally disposing of cases appealed thereunder, as was required by the statutes of 1893 and 1895. The following provisions of the section under consideration are pertinent: "A party desiring to appeal from a judgment in any such action, shall cause a statement of the case to be settled within the time and in the manner prescribed by article 8, of chapter 10, of this Code, and shall specify therein the questions of fact that he desires the supreme court to review, and all questions of fact not so specified shall be deemed on appeal to have been properly decided by the trial court. Only such evidence as relates to the questions of fact to be reviewed shall be embodied in the statement. But if the appellant shall specify in the statement that he desires to review the entire case, all the evidence and proceedings shall be embodied in the statement. All incompetent and irrelevant evidence, properly objected to in the trial court, shall be disregarded by the supreme court, but no objection to evidence can be made for the first time in the supreme court. The supreme court shall try anew the questions of fact specified in the statement or in the entire case, if the appellant demands a retrial of the entire case, and shall finally dispose of the same whenever justice can be done without a new trial, and either affirm or modify the judgment or direct a new judgment to be entered in the district court; the supreme court may, however, if it deem such course necessary to the accomplishment of justice order a new trial of the action. * * * " Does this section authorize or permit a retrial upon an appeal from a part of a judgment, i. e., a retrial of a part of a case in this court? We are of opinion that it does not. By express language the appeal therein referred to is an appeal from a judgment, and no reference whatever is made to an appeal from a portion of a judgment. We think the express language of the section plainly excludes such an appeal and retrial. This court is required to dispose of the case "whenever justice can be done without a new trial." Can this court finally dispose of a case when it has secured jurisdiction of only a portion of it? Clearly not. Again, this section, unlike the preceding statutes, provides the manner in which we shall make such final disposition. We are directed to affirm, modify, or reverse the judgment of the district court, or direct the entry of a new judgment; and when such a course is necessary to the accomplishment of justice, we may order a new trial in the action. Are the provisions just referred to reconcilable with an appeal from a part of a judgment and the review of a part of the case in this court? We think not. It goes without saying that this court could not affirm, modify, or reverse a judgment over which it had no control. Neither could it grant a new trial in an action where a portion of the judgment remains intact in the trial court. The statute under consideration plainly requires a final disposition of the entire case and an

independent judgment thereon at the hands of this court. This command cannot be obeyed while a portion of the case remains in the trial court. A majority of this court has therefore reached the conclusion that an appeal to authorize a retrial under said section must be from the entire judgment; in other words, such an appeal as will effect a transfer of jurisdiction over the entire case to this court. It is true that under the present statute we are not compelled in every case to review all of the evidence, as under former statutes. Whether all or only a part of the evidence shall be reviewed by this court, in this class of appeals, rests with the appellant. He may choose to have all of the evidence reviewed, or he may elect, in preparing his appeal, to abide by the determination of the trial court as to a portion of the facts, and merely ask for a review of the evidence as to certain specified facts. But, whichever course is pursued, the case is presented here for final determination, and upon the merits. In one case it would be determined upon all of the evidence, and in the other upon a portion of the evidence and those facts found by the trial court which are not challenged.

It will serve no useful purpose to discuss the question whether defendant's appeal from a portion of the judgment might have been entertained had it been taken solely for the purpose of correcting errors upon the statutory judgment roll, and not for the purpose of securing a retrial under § 5630. It is sufficient to say that no such appeal has been taken or attempted. The defendant demands a retrial under said section and presents a statement of case settled for that purpose, and his appeal has no other purpose than to secure such retrial.

For the reasons stated, we are of opinion that this court is without authority, under the statute, to accord to appellant the retrial demanded. No error is assigned upon the judgment roll proper. It follows that the appeal must be dismissed, and it is so ordered. The dismissal will be without prejudice to another appeal.

MORGAN, J., Concurs.

## ON REHEARING.

YOUNG, J. Counsel for appellant filed a petition for a rehearing, urging, as ground therefor, that the court erred in holding that it is without lawful authority to enter upon a retrial of a case under § 5630 upon an appeal from only a part of a judgment. The point upon which our decision was based was barely suggested by counsel for respondent, and was not argued by counsel for either party. This fact, coupled with the fact that the question had not been previously presented and passed upon by this court, and is one of much practical importance, constrained us to grant a reargument, and the same was fully reargued at the present term. Nothing has been presented which alters the conclusion reached by a majority of the court and announced in the original opinion.

Counsel for appellant contend that our statute authorizes an appeal from a part of a judgment, and, assuming the correctness of this construction of the statute authorizing appeals to this court, they contend that it was error to deny to the appellant the retrial which he demands. This contention entirely fails to meet the jurisdictional objections upon which our conclusion was based. As stated in the opinion filed, the question whether an appeal may or may not be taken from a part of a judgment is not involved, and any expression of opinion on that question would be both superfluous and valueless. Section 5603, Rev. Codes, which creates the right of appeal to this court, and § 5606, which provides the manner of taking appeals, correspond in language with the provisions of the California and Montana statutes. In the former state it has been assumed, in a great number of cases, that an appeal from a part of a judgment is authorized. See Hayne, New Trials and App. § 15, and cases cited. A contrary conclusion was reached by the supreme court of Montana. See *Barclay* v. *Logan*, 2 Mont. 296; *Plaisted* v. *Nowlan*, 2 Mont. 359. It will be time enough to settle this question for this jurisdiction when it is directly involved.

The question which is decisive of this appeal is not whether an appeal may be taken from a part of a judgment, but is whether a retrial can be had in this court upon such an appeal. The right of appeal is one thing, and the right of retrial on the merits is another and wholly different matter. To determine whether the right of appeal exists in any case, we must look to the statute authorizing appeals, and, to ascertain whether a right of retrial in this court exists, we must look to the statute authorizing retrials; that is, to § 5630, Rev. Codes, which, as this court has repeatedly held, is the entire source of our authority to retry cases. In *Mapes* v. *Metcalf*, 10 N. D. 601, 88 N. W. Rep. 713, decided at the last term, this court, in construing § 5630, said: "The only authority possessed by this court to retry cases is conferred by § 5630, Rev. Codes 1899, and the provisions of said section operate as a limitation upon our authority to do so. That section, in unmistakable language, as repeatedly construed by this court, authorizes and requires a final disposition of cases appealed thereunder at our hands. That the express purpose of this statute is to secure a speedy and final determination by this court of actions appealed thereunder, does not admit of doubt. The original act (chapter 82, Laws 1893) required the supreme court to 'render final judgment according to the justice of the case.' The same requirement as to rendering final judgment was embodied in the amended act (§ 5630, Rev. Codes 1895). The statute now in force, while differing in some respects from the former act, nevertheless retains those features which require a review of cases appealed thereunder on their merits and a final disposition of the same by this court. Under former acts we were even without authority to order a new trial. The hardship necessarily incident to this lack of authority was relieved by the present law, which permits

this court to order a new trial when necessary, and in furtherance of justice. It is clear that § 5630, Rev. Codes 1899, only authorizes appeals to this court for the purposes of a retrial thereunder in cases where the entire case is presented to this court for review and final determination. A retrial of a part of the issues, or of a fragment of a case, by this court would not only be contrary to the spirit of the statute, but in violation of its express language." As previously stated, all the authority which this court possesses to retry cases is found in the section referred to. This section is not embodied in the legislation of any other state. In its present form it is an anomaly in the history of jurisprudence. The undoubted purpose of the section is to secure a determination upon the merits in this court; but, by authorizing an appellant at his election to withhold from this court a retrial on the evidence of vital facts, the accomplishment of that purpose frequently becomes impsosible.

It may be that the ends of justice would be subserved by permitting appeals from a distinct part of a judgment and a retrial of the issues affecting the part appealed from, under proper restrictions. This, however, only goes to the question of what the legislature might, or perhaps ought, to have done, and does not alter the fact that in the statute under consideration it has not conferred upon this court the power to retry a part of a case upon an appeal from a part of a judgment. This is obvious from a cursory examination of the section in question. It refers to an "appeal from a judgment," and contains no reference whatever to an "appeal from a part of a judgment. The contents of the statement of case which is made necessary to secure the retrials provided for are expressly prescribed. No provision is made for a statement of case adapted to a retrial and determination of a portion of a case. This court is given authority to affirm or modify a judgment appealed from, or direct the entry of a new judgment, or we may, in furtherance of justice, "order a new trial of the action." It is patent that the jurisdiction thus conferred cannot be exercised where a portion of the judgment and a portion of the case remain in the district court, unaffected by the appeal, and it is also apparent that the provisions of the statute in question cannot be extended so as to be applicable to a retrial of a part of a case upon an appeal from a part of a judgment, except by reading into it a number of vital provisions which it significantly omits. This would be judicial legislation.

This is the first case in which this court has had occasion to consider the question presented by this appeal. In the case of *Wishek v. Hammond,* 10 N. D. 72, 84 N. W. Rep. 587, cited by appellant as a precedent, the defendant appealed from the entire judgment, and this court had jurisdiction of the entire case. Our conclusion is that the order of dismissal heretofore made should be adhered to.

MORGAN, J., concurs.

WALLIN, C. J. (dissenting). In this action I concur in the con-clusion of the majority of the court in dismissing the appeal without prejudice to another appeal, but am compelled respectfully to dissent from the views of the majority with respect to the grounds of dismissal. In my judgment the facts narrated in the majority opinion, as well as the issues actually tried and determined in the court below, called for and necessitated the entry of one indivisible judgment, which judgment, as I view the record, was actually entered by the trial court. True, the facts were such and the issues were so framed that the trial court was compelled, in deciding the case, to pronounce upon several detached features, and this was done; but under the issues the crucial question was whether the second mortgage, when delivered, operated to pay the first mortgage. The case turned below upon that question, and, in my judgment, that is the question which must determine the ultimate disposition of the case. If I am correct in this, then there was but one question involved in the case, and that was single and indivisible, and hence the judgment of the trial court, which met and disposed of that question, was in its nature a single and indivisible judgment. Its various features were interdependent and indissoluble. Therefore, in appealing to this court, there was one, and but one, judgment to appeal from. Nevertheless, the notice of appeal shows on its face that the appellant sought to appeal, not from the whole judgment, but from only one part or feature of an indivisible judgment. For obvious reasons no such appeal is legally possible. Nor, under any system of appeals, either at law or in equity, whether new or old, whether in state courts or in federal courts, would it be practicable to review an entire judg-ment were only a fragment of it is brought up to the reviewing tribunal. Where the appellate court sits only to review errors com-mitted in the trial court, and to affirm, modify, or reverse the judg-ment entered below, it manifestly would be essential that the entire judgment, if indivisible, should be brought to the appellate court; and this reasoning applies with equal force where, as in this state, the appellate court sits in court cases to try the case anew upon the evidence and render judgment upon the merits. Upon the facts of this case, therefore, the decision of the motion to dismiss the appeal could be securely placed upon the ground that the appellant has failed to bring up for review the entire judgment of the trial court. This ground is common ground, as between members of the court, and I confess that I am unable to discover any necessity for depart-ing from such common ground and, by a divided court, deciding the motion to dismiss upon a practice question of great delicacy and importance, which question is one which the majority declares was not, when the motion was originally presented to this court, "argued by counsel for either party." But the majority say, "The question whether an appeal may or may not be taken from a part of a judgment is not involved, and any expression of opinion on that question would be both superfluous and valueless." To the sound-

ness of this proposition I cannot assent. I think the question is squarely involved, and is pertinent, from the view point of the majority of the court. Moreover, I think the majority has practically ruled upon the question in this case. They say, in effect, that in no case tried under § 5630 can a part of a judgment, whether the same is divisible or not, be brought to this court for trial anew upon the merits. It must, I think, be apparent that if in a court case no trial on the merits can be had in this court, where an appeal is taken from a part of any judgment, that the right to take an appeal from a part is a barren right, and of no practical value whatever, as a means of retrying the facts and issues which resulted in the entry of any judgment which is appealed from only in part. From my point of view the majority opinion goes to the extent of emasculating the plain and positive provisions of section 5606, Rev. Codes 1899, regulating appeals to this court, which reads as follows: "An appeal must be taken by serving a notice in writing signed by the appellant or his attorney on the adverse party and filing the same in the office of the clerk of the court in which the judgment or order appealed from is entered, stating the appeal from the same and whether the appeal is from the whole or a part thereof and if from a part only, specifying the part appealed from." This section prescribes the mode of taking appeals to this court, and none can be taken otherwise, and if the supreme court, under the guise of construction or interpretation, may nullify the language of the section which we have quoted, I know of no limitation which can be placed upon its authority which can prevent the annulment by construction of any or all the other language of the section. For my part I deny the existence of any such power in the supreme court, or in any court. In this matter I am convinced that the majority of the court has misapprehended the scope and object of section 5630. In my judgment that section, as originally enacted, or as amended, does not deal with the mode or manner of taking appeals to this court from judgments or orders entered in the district court. It contains no repealing words, and no rule of statutory construction is better settled than that holding that implied repeals are not favored, and are never permitted except in cases of a plain and irreconcilable repugnancy between two enactments. Nor does repugnancy ever exist where two statutes relate to different subjects. See section 138, Suth. St. Const. I maintain that the statute regulating appeals and section 5630 relate to different and dissimilar subjects. Section 5630, as its terms import, was enacted to introduce a new mode of trying court cases in the district courts and in the supreme court of this state. Under it both common-law and equity cases are triable to the court. The section was placed in an environment of legislation in which it would not fit, and for this reason, more than any other, it has proven to be a veritable Pandora's box of perplexing difficulties with which bench and bar have long wrestled, but never until the present case has the writer

even suspected that section 5630 operates to repeal an important section of another statute,—that regulating appeals,—to which it does not refer, and with which, in my opinion, it has nothing to do. It is further my opinion that the following language of the majority of the court is employed as a result of misapprehension. The majority say, "In reaching this conclusion, we are materially aided by the interpretation placed by this court upon prior statutes relating to trials de novo in this court." I maintain that a careful perusal of the prior decisions of this court will fail to reveal any decision or holding to the effect that a judgment embracing divisible and independent parts cannot be brought to this court for the purpose of retrying one of such parts only. This question I insist is here passed upon for the first time by this court, and hence any general language used by this court in any of the cases cited should be confined to the facts and issues in the cases in which the language occurs. Finally, the rehearing opinion makes this concession in terms. The majority say, "This fact, coupled with the fact that the question had not been previously presented and passed upon by this court," etc. See opinion. In my opinion the language of section 5630, which authorizes this court to "try the case anew and render final judgment therein," when properly construed and made to harmonize with the statute regulating appeals, which statute remains intact, must be construed as meaning that a portion of a divisible judgment, which is controverted and appealed from, must be tried anew. To my mind it involves an absurdity to require suitors to relitigate a matter which the parties to the action are satisfied with and do not challenge by any appeal.

(90 N. W. Rep. 129.)