(91 N. W. Rep. 955.)

---

MAYNARD CRANE *vs.* JOHN T. ODEGARD.

---

**Appeal from Part of Judgment.**

> In this action a judgment was entered in the district court, which as to one feature was wholly favorable to the defendant and unfavorable to the plaintiff, and as to another feature was wholly favorable to plaintiff and unfavorable to the defendant. The plaintiff attempted to appeal to this court from said judgment, and served a notice of appeal and an undertaking upon respondent's counsel. The notice of appeal is set out in the opinion, and shows upon its face that the appeal was attempted to be taken from one, and only one feature or portion of the judgment, viz., that which was adverse to the plaintiff. *Held*, under the rule established in Prescott v. Brooks, (N. D.) 90 N. W. Rep. 129, that the attempted appeal was abortive.

Appeal from District Court, Griggs County; *Glaspell, J.*

Action by Maynard Crane against John T. Odegard. Judgment for defendant, and plaintiff appeals. Dismissed.

*J. E. Robinson,* for appellant.

*Newman, Spalding & Stambaugh,* for respondent.

WALLIN, C. J. This is an action to quiet title to certain lots in the town of Cooperstown, Griggs county, N. D., to-wit, certain lots in blocks numbered 57, 58, 75, 76, 77, and 78. The complaint alleges ownership of the lots in the plaintiff, and for relief demands that the defendant answer the complaint and set forth his adverse claims to the lots "under and by virtue of any tax sale, tax certificate, or tax deed." Defendant answered the complaint, and alleged that the defendant, under certain tax deeds described in the answer and which were issued to defendant, is the owner in fee simple of all the lots in question, which are situated in said blocks 57, 75, 76, 77, and 78, and that the defendant claims an interest in all the lots situated in said block 58 under and by virtue of divers tax certificates issued to the defendant pursuant to divers tax sales of said lots in block 58. Upon the issues so framed a trial was had in the district court without a jury, which resulted in the entry of a judgment as follows:

"Now, on motion of Newman, Spalding & Stambaugh, attorneys for the defendant, it is ordered, adjudged, and decreed that the defendant is the owner in fee simple of each of the lots numbered from one (1) to twenty-four (24), inclusive, in each of the blocks numbered fifty-seven (57), seventy-five (75), seventy-six (76), seventy-seven (77), and seventy-eight (78), in the town site of Cooperstown, in the county of Griggs and state of North Dakota, as appears from the recorded plat thereof on file in the office of the register of deeds in said county. It is further ordered, adjudged, and decreed that the defendant's title to each of said lots in fee simple be, and the same is hereby, quieted and confirmed. It is further ordered, adjudged, and decreed that the adverse claims of the plaintiff thereto are wholly void, and said claims are hereby cancelled and annulled, and the said plaintiff and all persons claiming under him are hereby forever enjoined from asserting any right, title, or interest of, in, or to either of said lots. It is further ordered, adjudged, and decreed that each of the sales of each of the lots contained in block fifty-eight (58) of said town site of Cooperstown in the years 1891, 1893, 1894, 1895, and 1896, and the certificates issued to the defedant upon such sales, are void, for the reason that there was included in the tax levy of said Griggs county in each of the years, for the taxes of which said lots were so sold, a sum in excess of that allowed by law to be levied. It is further ordered, adjudged, and decreed that each of said sales of each of the lots contained in said block fifty-eight (58), and each of said certificates issued thereon, be, and the same is hereby, vacated, canceled, and set aside. It is further ordered, adjudged, and decreed that the defendant have and recover of the plaintiff herein his costs and disbursements, amounting to twenty-nine and 30-100 dollars."

This judgment, as appears on its face, is wholly favorable to the defendant and adverse to the plaintiff, except that the court adjudged that the tax sales and tax certificates of the lots situated in block 58 were illegal and void, and the same were vacated and set aside by the judgment. In this last-mentioned feature the judgment was, of course, wholly favorable to the plaintiff and wholly adverse to the defendant. It was stipulated at the trial that plaintiff was the owner of all the lots in question, except so far as the defendant had an interest in or owned the same by virtue of the tax certificates or tax deeds set out in the answer. It is clear, therefore, that under the terms of the judgment as entered in the court below the plaintiff became, and was in legal effect declared to be, the sole owner of the lots in block 58, and that the tax sales and tax certificates set out in the answer, as to all lots in block 58, were canceled and set aside, as clouds upon the plaintiff's title thereto. This judgment was entered on October 12, 1900. Later, a statement of the case was settled, and thereafter the plaintiff appealed, or attempted to appeal, from the judgment to this court, by serving and filing notice of appeal and an undertaking, which were served on October 1,

1901. The notice of appeal is as follows:

"Notice of Appeal. Please take notice that Maynard Crane, the plaintiff, appeals to the supreme court of the state of North Dakota from the judgment of said district court entered herein on the 12th day of October, 1900, which judgment is to the effect that the defendant is the owner in fee simple of lots 1 to 24, inclusive in blocks 57, 75, 76, 77, and 78, in the town of Cooperstown, in Griggs county, North Dakota; and that the plaintiff is the owner of the several lots contained in block 58, of Cooperstown, North Dakota; and that the defendant do have and recover from the plaintiff the costs of the action, taxed and allowed at twenty-nine dollars and thirty cents. And the plaintiff appeals from the whole and every part of said judgment, excepting so far as the same pertains to said lots in block 58 of the town of Cooperstown, N. D. And with that exception said appellant desires the supreme court to review and retry the entire case. Dated 30th day of September, 1901. J. E. Robinson, Attorney for Plaintiff and Appellant.

"To the Clerk of Said District Court, and to Newman, Spalding & Stambaugh, Attorneys for Defendant."

The undertaking filed embodies the following paragraphs:

"Whereas, on the 12th day of October, 1900, in the said district court, the said John T. Odegard recovered a judgment in this action to the effect that he is the owner in fee simple of all the lots in blocks 57, 75, 76, 77, and 78, in the town of Cooperstown, in Griggs county, state of North Dakota, and that he recover from the plaintiff the costs of this action, taxed at twenty-nine dollars and thirty cents;

"And the above-named Maynard Crane, appellant, feeling aggrieved thereby, intends to appeal therefrom to the supreme court of the state of North Dakota."

In due course the case reached this court, and was on the calendar for disposition at the regular term of this court held in March, 1902; and when the case was called counsel for the respondent submitted three separate motions in the action, which were respectively argued by counsel on both sides. Only two of these motions need be here referred to. The first was a motoin to dismiss the appeal; the other was a motion to strike from the files the statement of the case and to affirm the judgment. The motion to dismiss the appeal was denied and the motion to strike the statement from the files and affirm the judgment was granted, and, pursuant to this ruling, an order of this court was entered, striking out the statement and affirming the judgment, and denying the motion to dismiss the appeal. Later, and upon the petition of counsel for the plaintiff, the court entered an order granting a rehearing as follows: "Ordered and adjudged that the petition be, and the same is hereby, granted, and said cause will stand for reargument at the September, 1902, term, at Grand Forks." Pursuant to this order, counsel on both sides appeared in this court and submitted

oral arguments and filed briefs, both upon the motion to dismiss the appeal and the motion to strike out the statement and affirm the judgment.

With respect to the motion to dismiss the appeal, counsel for the appellant contend that the matter is res judicata; and this contention is placed by counsel upon the ground that the appellant did not petition for a reargument of the motion to dismiss the appeal and does not desire to reargue said motion. It is true that the plaintiff, for obvious reasons, did not desire a rehearing of the motion to dismiss, and did not petition for such rehearing; but it is further true that this court has undoubted control of the entire matter of directing rehearing of causes which have been submitted in this court, and that it has plenary authority under which it may, either with or without a petition to do so, direct counsel to reargue either the whole case or any specified question in a case. In this case the order was that "said cause will stand for reargument." It will be noticed that this order did not, on the one hand, restrict the reargument to any particular point or feature of the cause, and, on the other hand, its terms were broad and included the cause,—i. e., the whole case in its entire scope. But there is another consideration which is equally conclusive against this contention of counsel. A motion to dismiss an appeal attempted to be taken to this court is fundamental, and strikes at the jurisdiction of this court to consider the case on its merits. In all such cases it is the right and the duty of this court, as long as the court has control of the case, to inquire into the question of its own jurisdiction; nor for such an inquiry does it matter how or in what manner the attention of the court is directed to the question, and it is unimportant whether the court discovers a lack of jurisdiction at an early or late period in its investigation of the questions presented by the record. We therefore overrule this contention of counsel.

Upon the merits of the motion to dismiss, our views have undergone an entire change as a result of the reargument and of a more careful reinvestigation of the data embraced in the record bearing upon the question presented by the motion. After a more mature deliberation, the members of this court are unanimous in the opinion that, under the rule established by this court in the recent case of *Prescott* v. *Brooks,* 90 N. W. Rep. 129, the motion to dismiss must be granted, upon the ground that the appeal was taken from only a portion of the judgment, and was not taken from the whole judgment. It is our opinion that every aspect of the appeal, including the terms of the notice of appeal and those of the undertaking served with the notice, point to the conclusion we have reached. Reverting to the terms of the notice, it is entirely clear, at least to our minds, that if the appellant, as his counsel contend, intended to appeal from the whole judgment, all the language embraced in the body of the notice after words "October, 1900," was superfluous and worse than useless. But this notice contains an exception which excludes the

theory that the plaintiff appealed, or intended to appeal, from the whole judgment. The language is this : "And the plaintiff appeals from the whole and every part of said judgment, excepting so far as the same pertains to said lots· in block 58, of the town of Cooperstown." The language last quoted is not ambiguous or obscure in meaning, and it clearly imports that the appellant did not appeal from that portion of the judgment pertaining to "said lots in block 58 of the town of Cooperstown." Going back to the judgment, we discover that the same embraced separate and divisible features, and that one feature of the judgment exclusively dealt with the lots contained in block 58, and as to this feature the same was wholly favorable to the· plaintiff, and hence the same must have been satisfactory to the plaintiff. True, the judgment did not, in terms, declare that the plaintiff was a sole owner of the lots in block 58, and such ownership was technically denied by the answer. Nevertheless, a perusal of the answer shows that the defendant averred no claim of ownership as to any of said lots in block 58; but, on the contrary, defendant's only claim thereto, as set out in his answer, was based upon certain tax sales and certificates which were canceled and vacated by the judgment, and which, of course, were mere clouds upon the title, and were not muniments of title. There was no occasion, therefore, to ask a retrial of any question pertaining to the lots in block 58. The general ownership of the plaintiff was conceded by stipulation, and the judgment set aside all clouds alleged in the answer as to the title of said lots. The mistake in framing the notice undoubtedly was the result of a construction placed upon the language of section 5606 of the appeal law (Rev. Codes, p. 1016) ; and, in justice to counsel who drew the notice, the fact should be stated that the notice was framed long prior to the decision made by this court in the case of *Prescott* v. *Brooks,* supra. We hold that the terms of the notice are decisive of the motion, and yet, if we were inclined to explore the record for collateral proof of the intention of the appellant, there is ample in the record to corroborate the theory that the appellant ·did not appeal, or intend to appeal, from the whole judgment. But we will go no further in this direction than to call attention to the language of the undertaking, as above set out, and to note the fact that such language by its terms confines the appeal to matters in the judgment which are adverse to the plaintiff, and makes no reference to any matter contained in that feature or porton of the judgment relating to lots in block 58. It is, of course, regrettable and unfortunate that this court did not reach its present conclusions upon the motion to dismiss the appeal when the motion to dismiss was first considered and decided. Had it done so, much labor of both court and counsel would have been avoided. But this court prefers to be right in its conclusions, even when to be right involves a reversal of its former views. That our final conclusion upon the motion to dismiss is right we have no doubt whatever, under the rule established in the

case cited. It is further true that the appellant's position with reference to the right of appeal is no worse than it would have been if the motion to dismiss had been properly decided on the day it was first presented to this court for decision.

It follows that the order of this court striking out the statement of the case and affirming the judgment was made without authority or jurisdiction to make the same, and an order will therefore be entered revoking the same, and a further order will be entered dismissing the attempted appeal to this court. All the judges concurring.