(121 N. W. 75.)

---

INGA TRONSRUD v. FARM LAND AND FINANCE COMPANY.

Opinion filed April 19, 1909.

Rehearing denied May 14, 1909.

**Appeal and Error — Dismissal — Grounds.**

A notice of appeal reciting that appeal is taken from a part of the decree rendered by a district court in an action tried to the court without a jury under the provisions of section 7229, Rev. Codes 1905, formerly section 5630, Rev. Codes 1899, will not authorize this court to review or retry any question of fact specified on said appeal, or to affirm, modify or reverse the judgment of the district court or to direct the entry of a new judgment, or to order a new trial of the action or in any manner to finally dispose of the case on appeal, and an appeal so taken must be dismissed without further action.

Appeal from District Court, Sargent county; *Frank P. Allen,* J.

Action by Inga Tronsrud against the Farm Land & Finance Company. Judgment for plaintiff and defendant appeals, and plaintiff moves to dismiss the appeal.

Appeal dismissed.

*Purcell & Divet,* for appellant. *O. S. Sem,* for respondent.

ELLSWORTH, J. This action was brought in statutory form to determine adverse claims to a tract of real property situated in Sargent county. Appellant, being served as a defendant, answered, claiming an estate and interest in the real property involved, based upon a purchase by one E. E. Hughson of the land at a tax sale for the taxes of the year 1899 on the 4th day of December, 1900, a certificate of tax sale issued to Hughson, who afterward assigned the same to one D. F. Vail, and a tax deed containing the usual recitals issued to said Vail on the 28th day of September, 1903. Vail afterward conveyed his title to the land in question to appellant, the

Farm Land & Finance Company, who it is alleged has been at all times since and now is the owner of the same. A trial was had in district court, at which both parties appeared and offered testimony. The district court made findings of fact and conclusions of law, and on the 16th day of February, 1907, entered its decree in the cause. By the terms of this decree Inga Tronsrud, the plaintiff and respondent, is declared to be the owner in fee of the land in question, title to the premises is quieted in her and confirmed against the defendant and appellant, Farm Land & Finance Company, and said defendant is enjoined and restrained from ever asserting any estate or interest in said land adverse to said plaintiff. The decree contains in addition to these provisions this clause: "It is further ordered, adjudged, and decreed that the defendant, Farm Land & Finance Company, has a valid and subsisting lien upon said premises under and by virtue of a tax sale thereof for delinquent taxes of the year 1899, made on the 4th day of December, 1900, to one E. E. Hughson, and a certificate of sale thereof issued on said date to said Hughson by the auditor of Sargent county, N. D., which lien in the amount of $96 is hereby established and confirmed." The defendant, Farm Land & Finance Company, thereupon prepared and settled a statement of the case preparatory to appeal, and on October 28, 1907, served on attorney for plaintiff and respondent a notice of appeal, which in its material parts is as follows: "You will please take notice that the above-named Farm Land & Finance Company hereby appeals to the Supreme Court of the state of North Dakota from that part of that certain judgment of the district court in and for the county of Sargent, state of North Dakota, in Fourth judicial district, entered in the above-entitled action on the 16th day of February, A. D. 1907, by which it was ordered, adjudged, and decreed that the plaintiff and respondent, Inga Tronsrud, is the owner in fee simple of the east half of the southwest quarter and lots three and four of section thirty-one, township one hundred thirty-two, range fifty-six, situate in Sargent county, N. D., and whereby the title to said land was quieted in Inga Tronsrud, and by which judgment it was further ordered, adjudged, and decreed that the defendant and appellant, the Farm Land & Finance Company, had no estate or interest in said property except a lien therein set forth, and whereby said defendant and appellant was enjoined and restrained from ever asserting any estate or interest in said land adverse to said plaintiff and respondent." A cost bond

in the sum of $250 was also served and filed with the clerk of the district court of Sargent county for the purpose of perfecting the appeal specified in said notice.

This case was tried to the district court without a jury, and belongs to the class of actions not properly triable to a jury mentioned in section 7229, Rev. Codes 1905. The appeal is taken under the regulations prescribed by said section 7229, and appellant in its statement of the case and abstract on appeal specifies 10 questions of fact, of which it desires a review by this court. Therefore, if the appeal of this action is properly taken, it is now before this court for trial anew of the questions of fact specified in the statement of the case; and this court is required to finally dispose of the same, whenever justice can be done without a new trial, and either affirm or modify the judgment or direct a new judgment to be entered in the district court, or, if it deems such course necessary to the accomplishment of justice, order a new trial of the action. From the manner in which the appeal is taken, however, it is apparent that an insuperable objection is opposed to any final disposition by this court of the case in accordance with the provisions of the statute above cited. The notice of appeal in express terms recites that appeal is taken from only a part of the judgment rendered by the district court; and it has long been a settled rule of practice in this court that it is without power to review or retry in any part an action tried and appealed under the provisions of section 5630, Rev. Codes 1899, now section 7229, Rev. Codes 1905, unless the entire judgment appealed from is before it for final disposition.

The reasons for such ruling as originally announced in the case of Prescott v. Brooks, 11 N. D. 93, 90 N. W. 129, are directly applicable to this appeal: "We are directed to affirm, modify, or reverse the judgment of the district court, or direct the entry of a new judgment; and, when such a course is necessary to the accomplishment of justice, we may order a new trial in the action. Are the provisions just referred to reconcilable with an appeal from a part of a judgment and the review of a part of the case in this court? We think not. It goes without saying that this court could not affirm, modify, or reverse a judgment over which it had no control. Neither could it grant a new trial in an action where a portion of the judgment remains intact in the trial court. The statute under consideration plainly requires a final disposition of the

entire case and an independent judgment thereon at the hands of this court. This command cannot be obeyed while a portion of the case remains in the trial court.   *   *   * An appeal to authorize a retrial under said section must be from the entire judgment; in other words, such an appeal as will effect a transfer of jurisdiction over the entire case to this court. It is true that, under the present statute, we are not compelled in every case to review all of the evidence as under former statutes. Whether all or only a part of the evidence shall be reviewed by this court in this class of appeals rests with the appellant. He may choose to have all of the evidence reviewed, or he may elect, in preparing his appeal, to abide by the determination of the trial court as to a portion of the facts, and merely ask for a review of the evidence as to certain specified facts. But whichever course is pursued, the case is presented here for final determination and upon its merits. In one case it would be determined upon all the evidence and in the other upon a portion of the evidence, and those facts found by the trial court which are not challenged." Prescott v. Brooks, 11 N. D. 93, 90 N. W. 129; Tyler v. Shea, 4 N. D. 377, 61 N. W. 468, 50 Am. St. Rep. 660; Crane v. Odegard, 11 N. D. 343, 91 N. W. 962. As above stated, appellant only specifies for review in this court certain questions of fact arising upon the evidence offered at the trial which it claims were erroneously decided by the trial court. No mention is made of a correction of errors appearing in the decree or upon the statutory judgment roll. The entire purpose of the appeal is to secure a retrial of specified questions of fact. As, upon the appeal taken by appellant, this court is without jurisdiction to retry or review any questions arising out of the evidence or to reverse or modify the judgment or even to grant a new trial of the action, it follows that we can only dismiss the appeal from further consideration.

It is therefore ordered that the appeal be dismissed, such dismissal, however, to be without prejudice to a second appeal of said action, provided the time for such appeal has not expired. All concur.

MORGAN, C. J., not participating.