Plaintiff brought this action to determine the ownership of certain bank stock claimed by it and to compel the defendant to transfer said stock to it as the real owner thereof. The defendant answering, admitted various of the allegations of the complaint, generally denied others, and counterclaimed for the value of certain personal services claimed by him to have been performed for the plaintiff in the operation and management of the banks issuing the stock in question. Over the objection of the defendant the whole cause was tried to the court without a jury under § 7846, Comp. Laws 1913. There was little controversy with respect to the facts in the main action, though there were some differences as to the legal consequences flowing therefrom. The principal controversy was as to the counterclaim. The court found for the plaintiff on the main action and for the defendant on the counterclaim, and ordered judgment accordingly. Whereupon judgment was entered on this order by the plaintiff. This judgment recites:
". . . And the court having ordered entry of judgment and *Page 597 
decree in accordance with said findings and conclusions, it is now
"Ordered, Adjudged and Decreed, that the plaintiff the Marquette National Fire Insurance Company, a foreign corporation, is the absolute owner and entitled to the immediate possession of all of the capital stock of the Coulee State Bank, now known as the Coulee Dairy Bank, of Coulee, North Dakota, now standing in the stockbook of records of said Bank in the name of Francis Murphy, E.B. McCutcheon or O.A. Eidsness, either personally or as trustee, together with any and all of the capital stock of said Bank shown by said stockbook or records to be in the name of the plaintiff; and it is further
"Ordered, Adjudged and Decreed, that any and all capital stock of said Coulee Bank heretofore at any time held or possessed or in any manner in the name of Francis Murphy, E.B. McCutcheon or O.A. Eidsness was and is the property absolute of said plaintiff, and that any and all said stock issued in the name of Francis Murphy, E.B. McCutcheon or O.A. Eidsness or held or possessed by them or either of them, was so held, possessed or issued to the said named persons in trust only and for the purpose of enabling said persons to qualify as local Directors of said Banks, and it is specifically held that neither or any of the said Francis Murphy, E.B. McCutcheon or O.A. Eidsness never at any time was the owner of any part of the capital stock of said Coulee State Bank, and it is also
"Ordered, Adjudged and Decreed, that the issuance or delivery of any part of the capital stock of said Coulee State Bank, now known as the Coulee Dairy Bank, to the defendant herein, to the said Francis Murphy or to the said O.A. Eidsness was so issued or delivered by the plaintiff in good faith and without fraudulent intent and in furtherence of the interests of said Banks, its stockholders and depositors, and it is further
"Ordered, Adjudged and Decreed, that the defendant E.B. McCutcheon have judgment against the plaintiff in the sum of thirty six hundred ($3,600) dollars. . . ."
Plaintiff then served a copy of the judgment together with notice of entry thereof and notice of taxation and retaxation of costs upon the defendant. Thereafter, the plaintiff served and filed the following notice of appeal to this court in words as follows:
"Take Notice: That the above named plaintiff and appellant *Page 598 
appeals to the supreme court of the state of North Dakota, from that certain judgment rendered in the district court of Ward county, North Dakota, on the 26th day of August, 1925, against the above named plaintiff and appellant and in favor of the above named defendant and respondent in the sum of thirty six hundred ($3,600) dollars, damages and that this appeal is from the said judgment and the whole thereof and plaintiff and appellant demands a trial de novo and a review of the entire case in said supreme court."
Pursuant to this notice, appellant filed a sufficient undertaking on appeal and took the other required steps to bring the cause before this court for review.
In this court plaintiff's only contention is that the evidence in support of the defendant's counterclaim is insufficient to sustain the findings and the judgment ordered and entered thereon. Plaintiff apparently perfected the appeal and prosecuted the same in this court upon the theory that the judgment as entered in the trial court was separable and divisible and in fact two judgments, one for the plaintiff upon the main cause of action and the other for the defendant upon the counterclaim. Plaintiff's theory apparently was and is that it might appeal from that judgment or that portion of the judgment which was entered on the counterclaim without submitting the whole cause for a retrial in this court. This theory is evidenced in many ways. First, by the wording of the notice of appeal heretofore quoted, and next by the following statement in plaintiff's brief:
"From the findings and judgment of the court upon the counterclaim of the defendant the plaintiff duly appealed demanding a trial de novo thereof in the supreme court.
"No appeal was taken by either part upon the findings or judgment in the main action so that the only matters involved on this appeal pertain to the counterclaim."
Furthermore, the plaintiff procured from the trial court an order requiring the delivery to him of certain of the exhibits in the case, which order, presumably prepared by him, among other things, recited as follows: "It appearing to the court that the plaintiff herein seeks to appeal to the supreme court of this state from a portion of the decision and judgment rendered in this case. . . ."
Plaintiff also applied to the trial court for a delivery to it of the *Page 599 
certificates evidencing the ownership of the shares of bank stock in question, which certificates had been produced by the defendant as a witness and offered in evidence on the trial. The trial court granted the application conditioned upon the plaintiff executing and filing an indemnity bond, indemnifying the defendant against any damage that he might suffer on account of the additional liability that might result in case of the insolvency of the banks in question. The plaintiff complied with the terms of the order, executed and filed the indemnity bond, and procured the stock certificates in question.
Under the circumstances as thus disclosed we are of the opinion that this court has no jurisdiction to try the cause anew. The appeal is prosecuted pursuant to the provisions of § 7846, Comp. Laws 1913. It is clear that the judgment as entered was a single and indivisible judgment granting relief to both the plaintiff and defendant. Plaintiff has seen fit to take advantage of that part of the judgment which was favorable to it. This appeal is from only that part with which it is dissatisfied, and it seeks a review in this court of only so much of the case as pertains to that part of the judgment. It has long been settled that this court has no jurisdiction to review or retry an action tried and appealed under § 7846, unless the entire judgment appealed from is before it for final disposition. See Tyler v. Shea, 4 N.D. 377, 50 Am. St. Rep. 660, 61 N.W. 468; Prescott v. Brooks,11 N.D. 93, 90 N.W. 129; Mapes v. Metcalf, 10 N.D. 601, 88 N.W. 713; Crane v. Odegard, 11 N.D. 343, 91 N.W. 962; Tronsrud v. Farm Land Finance Co. 18 N.D. 417, 121 N.W. 68; Hoellinger v. Hoellinger,38 N.D. 636, 166 N.W. 519. We can discover nothing peculiar to this case which warrants a departure from this well established rule. The appeal, therefore, must be dismissed.
It is so ordered.
CHRISTIANSON, Ch. J., and BIRDZELL, BURKE, and JOHNSON, JJ., concur.