FIRST NATIONAL BANK OF CRARY, a Corporation, Respondent, v. GILBERT BREMSETH, Appellant.

(234 N. W. 758.)

Opinion filed February 4, 1931.

*Lemke & Weaver*, for appellant.

*H. W. Swenson*, for respondent.

Per Curiam. The plaintiff brought this action to foreclose three certain chattel mortgages executed and delivered to it by the defendant Bremseth. The case was tried to the court without a jury and resulted in findings and conclusions in favor of the plaintiff. Judgment was entered accordingly, and defendant appealed. In the notice of appeal it is stated that the defendant appeals "from that part of the judgment of said district court entered herein, on the 14th day of August, 1929, which holds that the mortgages mentioned in said judgment are a valid and subsisting lien upon the following named horses: Topsy, Lillie, Flory, Pussy, May, Jennie, Tub and Pust; and which holds that said mortgages are a valid and subsisting lien upon the following farm machinery: 1 drag cart, 1 single cultivator, 1 double cultivator, 1 wide tire wagon and tank, 1 mower, 1 gang plow, 1 pump jack, 1 pair of sleighs, 1 drag, 2 trucks and racks, 1 truck gear, 4 sets of working harness with collars, 1 binder, 1 drill, 1 hay rake."

The only specification of error served and filed with the notice of appeal is as follows:

"The court erred in finding that the mortgages here in question were a valid and subsisting lien upon the following described horses: Topsy, Lillie, Flory, Pussy, May, Jennie, Tub and Pust and upon the following described farm machinery and harnesses: 1 drag cart, 1 single cultivator, 1 double cultivator, 1 wide tire wagon and tank, 1 mower, 1 gang plow, 1 pump jack, 1 pair of sleighs, 1 drag, 2 trucks and racks, 1 truck gear, 4 sets of working harness with collars, 1 binder, 1 drill, 1 hay rake; the plaintiff wholly failing to identify any of said horses or farm machinery or harnesses as being the property mortgaged. In fact the same was not covered by any of the mortgages here in question."

The respondent moved that the appeal be dismissed on the ground that an appeal from a part of a judgment does not lie under § 7846, Supplement to the Compiled Laws of 1913. The appellant resisted the motion, and asked leave to serve and file an amended notice of appeal. The proposed amendment sought to change the notice of appeal so as to recite that the appeal is taken from the whole of the judg-

ment. Respondent resisted the proposed amendment and contends that the court is without authority to permit such amendment at this time for the reason that the time allowed by law for appeal from the judgment has expired.

Section 7846, Supplement to the Compiled Laws of 1913, reads as follows:

"*On appeal in the supreme court in any action tried by the court, but without a jury, if it appear to the court that any material evidence was excluded, the court may issue a mandate to the trial court to take such evidence without delay and to certify and return it to the supreme court, and all proceedings in the supreme court shall be stayed pending the return of such evidence.* A party desiring to appeal from a judgment in any such action, shall cause a statement of the case to be settled within the time and in the manner prescribed by article 8 of chapter 11 of the Compiled Laws of North Dakota for the year 1913, and shall specify therein the questions of fact that he desires the supreme court to review, and all questions of fact not so specified shall be deemed on appeal to have been properly decided by the trial court. Only such evidence as relates to the questions of fact to be reviewed shall be embodied in this statement. But if the appellant shall specify in the statement that he desires to review the entire case, all the evidence and proceedings shall be embodied in the statement. The supreme court shall try anew the question of fact specified in the statement or in the entire case, if the appellant demands a retrial of the entire case, and shall finally dispose of the same whenever justice can be done without a new trial, and either affirm or modify the judgment or direct a new judgment to be entered in the district court; the supreme court may, however, if it deem such course necessary to the accomplishment of justice, order a new trial of the action. In actions tried under the provisions of this section, failure of the court to make findings upon all the issues in the case shall not constitute a ground for granting a new trial or reversing the judgment; provided that the provisions of this section shall not apply to actions or proceedings properly triable with a jury."

Legislation providing for a trial anew in the supreme court of actions tried by the district court without a jury was first enacted in 1893. Laws 1893, chap. 82. The original act was amended in 1897.

Laws 1897, chap. 5. The legislation was embodied in § 7846 of the Comp. Laws of 1913. The latter statute was amended in 1919. Laws 1919, chap. 8. The only changes made by the legislative assembly in 1919 were as follows: There was eliminated from § 7846, Comp. Laws 1913, the two first sentences thereof which read as follows: "In all actions tried by the district court without a jury, in which an issue of fact has been joined, excepting as hereinafter provided, all the evidence offered on the trial shall be received. Either party may have his objections to evidence noted as it is offered; but no new trial shall be granted by the district court on the ground that incompetent or irrelevant evidence has been received, or on the ground of the insufficiency of the evidence;" and there was inserted in lieu of the sentences so stricken out the provision which we have italicized in § 7846, supra. There was also eliminated the following sentence which appeared in the former law: "All incompetent and irrelevant evidence, properly objected to in the trial court, shall be disregarded by the supreme court, but no objection to evidence can be made for the first time in the supreme court." Aside from these changes § 7846, Supplement to the Compiled Laws of 1913, is identical with § 7846, Comp. Laws, 1913.

In Prescott v. Brooks, 11 N. D. 93, 90 N. W. 129, this court construed the legislative enactment of 1897 (which had been incorporated as § 5630, Revised Codes of 1899); and in that case this court, after careful consideration, held that the procedure provided therein could not and did not apply to an appeal from a part of a judgment; that under such statute a re-trial of the entire case or of any specified question of fact therein could be had only upon an appeal from the whole judgment and that an appeal from a part of the judgment did not confer jurisdiction upon the supreme court to review the evidence and re-try any question of fact. The rule thus announced has been followed without deviation in several subsequent cases. See Crane v. Odegard, 11 N. D. 342, 91 N. W. 962; Tronsrud v. Farm Land & Finance Co. 18 N. D. 417, 121 N. W. 68; Hoellinger v. Hoellinger, 38 N. D. 636, 166 N. W. 519; Marquette Nat. F. Ins. Co. v. McCutcheon, 54 N. D. 596, 211 N. W. 433. Appellant concedes that the decisions in Crane v. Odegard and Tronsrud v. Farm Land & Finance Co., sustain the rule announced in Prescott v. Brooks, and if adhered to, preclude any

review of the evidence on an appeal taken from a part of a judgment; but he contends that the amendment of 1919 changed the rule and renders the former holdings inapplicable. He further contends that this court, in its decision in Marquette Nat. F. Ins. Co. v. McCutcheon, 54 N. D. 596, 211 N. W. 433, supra, departed from the rule announced in Prescott v. Brooks and the subsequent decisions which followed it, and in effect held that the evidence could and would be reviewed on an appeal from a part of the judgment.

In our opinion these contentions are untenable. The changes made by the amendment of 1919 speak for themselves. There is nothing therein to indicate any intention to change the then established rule as regards the right of review on an appeal from a part of a judgment. As indicated the only changes made in the statute were: (1) An elimination of the provision requiring all the evidence offered at the trial to be taken, and of the provision requiring that all incompetent and irrelevant evidence, properly objected to in the trial court, be disregarded by the supreme court; and (2) the grant of authority to the supreme court, in cases where it found that material evidence had been excluded by the trial court, to remand the case in order that such evidence might be adduced. Clearly these changes had no relation to the rule announced in Prescott v. Brooks and subsequent cases. The provisions of the statute which formed the basis of that rule were not changed in any particular.

Neither did the decision in Marquette Nat. F. Ins. Co. v. McCutcheon, 54 N. D. 596, 211 N. W. 433, depart from or repudiate the rule announced in Prescott v. Brooks. On the contrary, it re-affirmed and applied that rule in an action which arose several years after the amendment of 1919 had become effective. In the original opinion in Marquette Nat. F. Ins. Co. v. McCutcheon, 54 N. D. 596, 211 N. W. 433, this court said:

"We are of the opinion that this court has no jurisdiction to try the cause anew. The appeal is prosecuted pursuant to the provisions of § 7846, Comp. Laws 1913. It is clear that the judgment, as entered, was a single and indivisible judgment granting relief to both the plaintiff and defendant. Plaintiff has seen fit to take advantage of that part of the judgment which was favorable to it. This appeal is from only that part with which it is dissatisfied, and it seeks a review in

this court of only so much of the case as pertains to that part of the judgment. It has long been settled that this court has no jurisdiction to review or retry an action tried and appealed, under § 7846, unless the entire judgment appealed from is before it for final disposition."

In an opinion denying appellant's petition for a re-hearing it was said:

"Plaintiff has vigorously contended, both in its petition for rehearing and its brief on rehearing, that this appeal is from the whole judgment as entered in the case, and that it ought not to be denied a review on the merits through a too technical consideration of the record.

"A careful review of the record and of the briefs confirms us in our former holding that the appeal is from only a portion of the judgment. The reasons for that conclusion are sufficiently stated in the original opinion. *The rule there followed that this court has no jurisdiction to review or re-try an action, tried and appealed under § 7846, Comp. Laws 1913, unless the entire judgment appealed from is before the court for final disposition, is settled beyond question. This rule, first enunciated in the case of Tyler v. Shea,* [4 N. D. 377, 50 Am. St. Rep. 660, 61 N. W. 468], *supra, decided in 1894, and later elaborated in Prescott v. Brooks,* 11 N. D. 93, 90 N. W. 129, *supra, has since been followed without question. The fact that the Legislature has not seen fit to change it further justifies us in following the precedents thus established.*

"We may further say, however, that the only questions raised by the plaintiff on the instant appeal are as to the sufficiency of the evidence to sustain the findings of the trial court. Since the case is here for trial de novo, under § 7846, supra, this court must review the record presented and find the facts for itself. But the trial court had the advantage of seeing and hearing the witnesses while we have only a cold record, so, though the findings of the trial court are not clothed with the same presumptions in their favor as in other cases, nevertheless, this court must give them appreciable weight. See Doyle v. Doyle, 52 N. D. 380, 202 N. W. 860; Christianson v. Farmers' Warehouse Asso. 5 N. D. 438, 32 L.R.A. 730, 67 N. W. 300. We have examined the record and are not so satisfied that the findings, as made by the trial court, are unsustained by the evidence as to warrant us in reversing the judgment.

"We therefore adhere to our original opinion."

There was no departure from the rule in Prescott v. Brooks, but a re-affirmance thereof. The concluding paragraph in the opinion denying a re-hearing was not a decision of the case on the merits. It was merely a statement showing that if the position of the appellant had been sustained and a review of the evidence had been had, that appellant would have gained nothing thereby, as under the state of the record the result would in any event be an affirmance. In short, the court, while adhering to the rule in Prescott v. Brooks, and holding it to be determinative of the appeal, went further to ascertain whether the application of the rule in that case would or did result in the affirmance of an erroneous judgment.

We are agreed therefore that the rule announced in Prescott v. Brooks, 11 N. D. 93, 90 N. W. 129, and subsequent cases, is as applicable today as it was before the amendment of 1919 and that the reasons assigned in Marquette Nat. F. Ins. Co. v. McCutcheon, 54 N. D. 596, 211 N. W. 433, supra, for adhering thereto, are as valid today as they were when that decision was rendered.

We now reach the question whether appellant's application for leave to amend the notice of appeal should be granted. We are agreed that it must be denied. The judgment in this case was entered August 14, 1929 and notice of entry served on the following day. The appeal was perfected February 13, 1930. The application to amend the notice of appeal was made on November 7, 1930. In short, the application to amend was made long after the time allowed by law for appeal from the judgment had expired. In Prescott v. Brooks, 11 N. D. 93, 90 N. W. 129, it is held that upon an appeal from a part of the judgment the supreme court is without jurisdiction to review the evidence,—that is, that the failure to appeal from the whole judgment is a jurisdictional defect. While a notice or an undertaking on appeal may be amended so as to correct certain defects therein, the authorities are all agreed that jurisdictional defects may not be remedied after the time allowed for appeal has expired, as this would be tantamount to permitting an appeal to be taken after the time prescribed by law had expired. The serving and filing of a notice of appeal is a jurisdictional prerequisite. This court has no power to permit these acts to be done after the expiration of the time fixed by law for their performance.

Nor can it do indirectly that which it may not do directly. Hence, where a party has appealed from a judgment or a certain order, the court cannot, after the expiration of the time allowed by law for appeal, permit such party to appeal from another order, through the device of amending the notice of appeal. So when a party, who has the right to appeal from a judgment, deliberately restricts the appeal to a part of the judgment, he cannot later, and after expiration of the time prescribed by law for appeal, extend the appeal to other portions of the judgment by amendment and thereby, in effect, take an appeal after the expiration of the time within which the law says an appeal must be taken. The application to amend the notice of appeal must be denied.

It is contended by the appellant, however, that the appeal in this case is sufficient to bring before the court for review questions of law and in support of this contention he cites the decision of this court in Christ v. Johnstone, 25 N. D. 8, 140 N. W. 678.

It is true if the appeal is one for review of errors of law only, it is not controlled by § 7846, supra, but by the statutory provisions relating to appeals in cases where a review of errors of law is sought. As pointed out in Prescott v. Brooks, 11 N. D. 93, 90 N. W. 129, and Christ v. Johnstone, 25 N. D. 8, 140 N. W. 678, § 7846, does not purport to prescribe the sole mode of review on appeal in cases tried to the court without a jury. It merely provides an additional mode, affording a larger scope of review. That is, it affords a review not only of questions of law that may have arisen upon the trial but a review of the evidence and a trial anew of the issues of fact. But, this section is not exclusive. It does not supersede, but supplements, the general provisions of law relating to appeal. On appeal from a judgment rendered in a case triable and tried to the court without a jury, a party is not required to ask for a new trial. If he so desires, he may appeal from a judgment rendered therein without demanding a retrial of any issue of fact in the supreme court. Thus, he may appeal and predicate error upon the judgment-roll proper; he may assail the judgment on the ground that it is not sustained or justified by the findings of fact or upon any ground appearing upon the face of the judgment-roll proper. In such case, of course, the appellant will not be entitled to a review of the evidence and a retrial of any of the ques-

tions of fact under the provisions of § 7846; and in order to obtain a review of the errors claimed to have been committed by the trial court, he must bring himself within the provisions of law relating to appeals for the review of errors of law. The statute relating to such appeals (Comp. Laws 1913, § 7656) provides "a party desiring to . . . appeal from a judgment or other determination of a district court . . . shall serve with the . . . notice of appeal a concise statement of the errors of law he complains of, and if he claims the evidence is insufficient to support the verdict or decision he must so specify. . . . A specification of insufficiency of the evidence to sustain the verdict or decision of the court shall point out wherein the evidence is insufficient and it shall be proper to include in such specification, specifications of facts conclusively established, together with the fact claimed not to be established, in such manner as to intelligently show wherein, on the whole case, the verdict or decision is not supported by the evidence." See Baird v. First Nat. Bank, ante, 286, 234 N. W. 71.

The right of appeal is statutory and the appellant is required to comply substantially with the provisions of the statute affording the right of appeal. In this case there was and is no specification conforming to the requirements of either § 7656 or § 7846. 3 C. J. 1381. Hence, so far as this appeal is concerned the practical result must be the same, whether the appeal is deemed to be controlled by § 7656 or by § 7846. The difference between a summary affirmance of the judgment and a dismissal of the appeal is merely a difference in legal terminology. In either case there is no question presented for review. The specification made by the appellant in this case would require an examination and weighing of all of the evidence to ascertain whether it is sufficient to sustain the finding of the trial court. This could only be done if the appeal were taken under § 7846, supra. But, under the settled law of this state, the appeal here does not justify or permit a review of the evidence under that section. There is no specification of any error of law committed by the trial court and upon the record before us the findings must be and are presumed to have been based upon sufficient evidence.

We have discussed the case on the theory on which it was submitted, namely, that the appeal in this case is from a part of the judgment;

but we are by no means satisfied that it is even an appeal from a part of a judgment within the meaning of that term as applied to appellate statutes. The provision permitting an appeal from a part of a judgment has application to judgments that are separable into parts. It was not intended to, and does not, permit an appeal from the determination of certain items that make up a whole, and are covered by a single and indivisible judgment. 2 Standard Proc. 149. For instance, in an action on account involving a large number of items an appeal may not be taken from the determination as regards certain items of the account only. If it is claimed that the court erred in any particular as regards any items the proper procedure is to appeal from the whole judgment and by appropriate assignments of error, and specifications of insufficiency of the evidence, call attention to the specific items concerning which the decision is claimed to be erroneous.

While upon the record here we are precluded from reviewing the cause on the merits there is nothing to indicate that the defendant in this case did not have a full and fair trial in the district court. The record contains a memorandum opinion showing that the trial court gave careful consideration to the claims and contentions asserted by the defendant and to the evidence submitted by the respective parties. There being no question presented for determination upon the record presented on this appeal the judgment must be, and it is, affirmed.

CHRISTIANSON, Ch. J., and BURKE, BIRDZELL, NUESSLE and BURR, JJ., concur.