[File No. 7394]

VERN CLAUSON, Respondent, v. OSCAR OLSON; PETER C. OLSON; HJALMER S. OLSON; CLARA ABELSON; Tillie Olson; Wilhelm Olson; Unknown heirs of Carl Olson, deceased; Unknown heirs of Christine Olson, deceased; Citizens State Bank of Stanley, a corporation; State Examiner; Mountrail County, a municipal corporation; Stanolind Oil and Gas Company; and all other persons unknown, claiming any estate or interest in or lien or encumbrances upon the real estate described in the Complaint, whether as the heirs, devisees or personal representatives of Carl Olson, deceased and Christine Olson, deceased, or otherwise, Defendants, and CLARA ABELSON, Appellant.

(60 NW2d 198)

Opinion filed Sept. 29, 1953.

*Q. R. Schulte,* for appellant.
*Swendseid & Bekken,* for respondent.

CHRISTIANSON, J.  This is a statutory action to determine adverse claims to a quarter section of land in Mountrail County in this state.  The complaint is in the form prescribed by law in such actions, (NDRC 1943, 32–1704), and alleges that the plaintiff is the owner and entitled to the immediate possession of the land described in the complaint and that the defendants claim certain estates or interests in and liens or encumbrances upon the real property adverse to the plaintiff.  Plaintiff prays judgment that the defendants be required to set forth all their adverse claims to the property described in the complaint and that the validity, superiority and priority thereof may be determined; that the same be adjuged null and void and that the defendants be decreed to have no estate or interest in, or lien or encumbrance upon the said real estate or any part thereof; that plaintiff's title be quieted as to such claims, and that the defendants and each and all of them be forever debarred and enjoined from asserting the same.

The defendant Clara Abelson interposed an answer wherein she denied that the plaintiff is the owner and entitled to possession of the real property and admitted certain allegations relating to the corporate character of the defendants, Citizens State Bank of Stanley, Stanolind Oil Company and Mountrail County

860

and also admitted an allegation in the complaint that Carl Olson is deceased and that his estate was filed for probate in the County Court of Mountrail County and his entire estate decreed to his widow Christine. Olson; that Christine Olson is also deceased and that her heirs at law are Oscar Olson, Peter C. Olson, Hjalmer S. Olson, Clara Abelson, Tillie Olson and Wilhelm Olson. The plaintiff interposed a reply to the answer of Clara Abelson wherein he denied the allegations of the answer that the defendant Clara Abelson had never lost title to the real property, that she is entitled to the immediate possession thereof and that the plaintiff is wrongfully in possession and has withheld rents and profits from the land. The reply further alleged that if the defendant Clara Abelson ever had title to or interest in the land the same was lost through laches and abandonment, that no taxes have been paid on said land by the defendant Clara Abelson since 1928 or at all. That Mountrail County acquired tax title to the land on October 1, 1940, that this was well known to the said defendant, and that she has made no effort to redeem said land until subsequent to the bringing of this action. That the defendant Clara Abelson has not been in possession of or claimed any ownership of or interest in the land for the past thirty years. That the defendant Clara Abelson's cause of action, if any she has, accrued on or about October 1, 1940, and is barred by the statute of limitations. That the defendant Mountrail County acquired title to the land through tax deed proceedings and conveyed the same to the plaintiff. The case was tried to the court without a jury, as prescribed by NDRC 1943, 28-2732.

The plaintiff and the defendant Clara Abelson and three other witnesses were sworn and testified. The trial court made findings of fact and conclusions of law favorable to the plaintiff. From the facts found the trial court concluded that the plaintiff was estopped by laches to assert any claim to the premises and that she had wholly abandoned the premises. The court also found that the plaintiff is the owner in fee simple and entitled to the immediate possession of the land against the defendants and that the defendants and no one of them have any rights or title to or interest in said land or any part thereof, and that

plaintiff is entitled to the decree prayed for in his complaint. Pursuant to the findings of fact and conclusions of law the court ordered judgment to be rendered and entered and judgment was rendered and entered,—"it is hereby

## ORDERED, ADJUDGED AND DECREED

### I

That the Plaintiff Vern Clauson is the owner of and entitled to the immediate possession of the following described real property, to-wit:

| | |
|---|---|
| Northeast quarter | (NE$\frac{1}{4}$) |
| Section twenty-four | (24) |
| Township One Hundred Fifty four | (154) |
| Range Ninety One | (91) |

### II

That said plaintiff is the owner in Fee Simple and entitled to the immediate possession of said lands and premises as against the defendants, above named, and each and all of them; and that said defendants have no rights, title or interest in or to said lands and premises or any part thereof, adverse to the Plaintiff.

### III

That said defendants, and each and all of them, and all persons claiming or to claim the same, by or through the said defendants, be and they are hereby forever enjoined and debarred from ever asserting any rights in or to said lands and premises, or any part thereof, adverse to the Plaintiff."

The defendant Clara Abelson attempts to appeal from a part of the judgment. In the notice of appeal it is said: "the above named defendant, Clara Abelson, hereby appeals to the Supreme Court of the State of North Dakota from that part of that certain judgment, including the findings of fact, conclusions of law and order for judgment, made and entered in this action and filed in the office of the Clerk of the District Court of Mountrail County, North Dakota on the 2nd day of March, 1953, and that

said appeal is taken from that part of the said finding of facts, conclusion of law and order for judgment and judgment wherein the trial Court found and gave judgment that Section 28–0122, NDRC, 1943, is applicable in suits to Quiet Title to establish validity of tax deed, based on possession under tax deed, and that laches is a bar to the claim of title by the former owner.

"That the appellant, Clara Abelson, demands a re-trial in the Supreme Court of that part of said cause upon the merits, insofar as pertaining to the applicability of Section 28–0122, NDRC, 1943, and estoppel through laches, in actions of this nature, based upon the transcript of evidence and the judgment roll herein.

"That said appeal is made and based upon the specifications of error and upon all the records, files and exhibits in the case and upon the statement of the case to be allowed and settled by order of the trial court."

None of the specifications ask for the retrial of a question of fact and no specification is predicated upon an alleged error in the determination of a question of fact. Each of the specifications of error recites, "the court erred as a matter of law" and follows this with referring to a particular holding complained of. The statement of the specifications of error concludes, "upon such specifications of error and upon all of the records and files in said action and the statement of the case to be certified, settled, and allowed by the trial court, the defendant herein, on this appeal, demands a new trial as to said specifications of error by the Supreme Court of the State of North Dakota."

The judgment in this case is set forth above. Such judgment is an entirety. It is single and indivisible and clearly is not severable into parts. It adjudges that the plaintiff is the owner in fee simple of the land in controversy and that none of the defendants have any estate or interest therein or lien thereon. The notice of appeal states that the defendant Clara Abelson appeals from a part of the judgment in this case, which judgment was filed in the office of the Clerk of the District Court of Mountrail County on March 2, 1953, "including the findings of fact, conclusions of law and order for judgment." By comparing the statement in the notice of appeal purporting to iden-

tify the part of the judgment appealed from with the judgment that actually was entered as set forth above it will be noticed that the notice of appeal does not specify any portion of the judgment that was entered in the case. One who seeks to appeal from a final judgment may appeal only from the judgment, and where the law permits an appeal to be taken from a part of the judgment it must be taken from a part of the judgment and not from a finding (Cottier v. Sullivan, 47 Wyo 72, 82, 31 P2d 675, 677), or from a reason or ground for the decision. (Woods v. Pollard, 14 S Dak 44, 49, 84 NW 214, 216).

The only authority possessed by the Supreme Court to try cases anew is that conferred by NDRC 1943, 28-2732. Littel v. Phinney, 10 ND 351, 87 NW 593; Mapes v. Metcalf, 10 ND 601, 88 NW 713; Tronsrud v. Farm Land and Finance Co. 18 ND 417, 121 NW 68. That statute provides that a party desiring to appeal from a judgment in any such action shall cause a statement of the case to be settled "and shall specify therein the questions of fact that he desires the supreme court to review, and all questions of fact not so specified shall be deemed on appeal to have been properly decided by the trial court." See, Lunde v. Irish, 50 ND 312, 195 NW 825. The statute further provides "only such evidence as relates to the questions of fact to be reviewed shall be embodied in this statement." But "if the appellant shall specify in the statement that he desires to review the entire case, all the evidence and proceedings shall be embodied in the statement."

In this case there is no demand for a review of the entire case or specifications of questions of fact that the appellant desires to have reviewed, and the notice of appeal and specifications served therewith disclose clearly that there was no intention to appeal from the entire judgment and have the entire case presented to the Supreme Court for review, but that there was an intention to appeal only from what is denominated a part of the judgment and to have the review restricted to the part so specified. In the circumstances the attempted appeal presents nothing to review. Douglas v. Glazier, 9 ND 615, 84 NW 552; Marquette National Fire Insurance Co. v. McCutcheon, 54 ND 596, 211 NW 433; Tronsrud v. Farm Land and Finance Co., supra;

Prescott v. Brooks, 11 ND 93, 90 NW 129; Crane v. Odegard, 11 ND 342, 91 NW 962. In Mapes v. Metcalf, supra, this Court said:

"It is clear that Sec. 5630, Rev. Codes 1899, (NDRC 1943, 28–2732) only authorizes appeals to this court for the purposes of a retrial thereunder in cases where the entire case is presented to this court for review and final determination. A retrial of a part of the issues or of a fragment of a case by this court would not only be contrary to the spirit of the statute, but in violation of its express language." 10 ND at p 605.

In Prescott v. Brooks, supra, this Court in referring to the statute providing for a retrial in this Court (RC 1899, Sec 5630) said:

"Does this section authorize or permit a retrial upon an appeal from a part of a judgment, i.e., a retrial of a part of a case in this court? We are of the opinion that it does not. By express language the appeal therein referred to is an appeal from a judgment, and no reference whatever is made to an appeal from a portion of a judgment. We think the express language of the section plainly excludes such an appeal and retrial." 11 ND at p 101.

The question was again considered by this Court in Marquette National Fire Insurance Co. v. McCutcheon, supra. The holding of the Court in that case is thus summarized in the syllabus:

"The supreme court has no jurisdiction to review or retry an action tried and appealed under sec 7846, Comp Laws 1913, unless the entire judgment appealed from is before it for final disposition."

In the Opinion in the case the Court said:

"It is clear that the judgment as entered was a single and indivisible judgment granting relief to both the plaintiff and defendant. Plaintiff has seen fit to take advantage of that part of the judgment which was favorable to it. This appeal is from only that part with which it is dissatisfied, and it seeks a review in this court of only so much of the case as pertains to that part of the judgment. It has long been settled that this court has no jurisdiction to review or retry an action tried and appealed

under sec 7846, unless the entire judgment appealed from is before it for final disposition." 54 ND at p 599.

It follows from what has been said that the appeal must be dismissed and it is so ordered.

MORRIS, C. J., and SATHRE, BURKE and GRIMSON, JJ., concur.