VALLEY SERVICE, INC., a corporation,
Plaintiff and Appellant,

v.

HIMLE PLUMBING & EXCAVATING, INC.,
a corporation, Defendant and Respondent.

No. 8412.

Supreme Court of North Dakota.

June 2, 1967.

Nilles, Oehlert, Hansen, Selbo & Magill, Fargo, for plaintiff and appellant.

Duffy & Haugland, Devils Lake, for defendant and respondent.

TEIGEN, Chief Justice.

The respondent moved to dismiss this appeal on the ground that the Supreme Court has no jurisdiction. The motion is based on the ground that an appeal from a part of a judgment does not lie under § 28–27–32, N.D.C.C. The appellant resisted the motion and noticed an alternative motion to amend the notice of appeal to provide that the appeal is taken from the whole judgment, which motion was resisted by the respondent. Both motions were argued at the same time and this Court took the matter under advisement.

It appears from the pleadings that the appellant commenced this action against the respondent, seeking a money judgment, and premises his claim upon numerous transactions between the parties over a period of time, and alleges the defendant has failed and refused to account to the plaintiff for profits, as agreed. Both parties were plumbing contractors. It appears the appellant furnished to the respondent certain materials and money for use in its plumbing business, and it is alleged it was the agreement that the appellant and respondent would share equally in the profits of the respondent's operation. The respondent admits a business arrangement, but denies it is indebted to the appellant, and counterclaims for money damages as the result of plaintiff's conduct in relation to the arrangement between them. Included in such counterclaim are allegations in tort also based on the transactions that are the subject matter of the appellant's claim. Both parties also asked for punitive damages in the same amount as prayed for general damages. The case was tried to the court without a jury. The trial court dismissed both the appellant's complaint and the respondent's counterclaim, and awarded costs to the respondent. A single judgment was entered. The respondent then served a copy of the judgment, together with notice of entry thereof, upon the appellant. Thereafter the appellant served and filed notice of appeal, which instrument was entitled Notice of Appeal, Specification of Errors at Law and Insufficiency of the Evidence. This instrument was, in part, in words as follows:

YOU WILL PLEASE TAKE NOTICE That the plaintiff above named hereby appeals to the Supreme Court of the State of North Dakota from the judgment entered, docketed and filed in the above entitled action on the 3rd day of May 1966, in favor of the defendant and against the plaintiff for a dismissal of plaintiff's complaint in the above entitled action and for taxable costs in the amount of $746.00 in favor of the defendant and against the plaintiff; that this appeal is only from that portion of the judgment dismissing plaintiff's complaint and that portion of the judgment awarding the defendant costs against the plaintiff in the sum of $746.00.

YOU WILL PLEASE FURTHER TAKE NOTICE That upon appeal the plaintiff does hereby demand a trial de novo of all questions of law and fact,

and respectfully demands and requests a review and retrial of this case relating to plaintiff's complaint, in the Supreme Court of the State of North Dakota.

YOU WILL PLEASE FURTHER TAKE NOTICE That the plaintiff specifies the following errors of law and particulars in which the evidence is insufficient to support the judgment and decree herein and the particulars in which the evidence is sufficient to support a reversal of the judgment herein dismissing plaintiff's complaint.

Then follow specifications of claimed errors at law and of insufficiency of the evidence.

The parties stipulated waiving the undertaking for costs on appeal and supersedeas bond on appeal. The appellant then took the other required steps to bring the cause before this Court for review. Before the case was reached on the calendar, the respondent noticed its motion to dismiss the appeal on the ground of jurisdictional defect.

We must first consider the respondent's motion to dismiss, because if the notice of appeal was insufficient to vest jurisdiction in this Court, we have no jurisdiction to consider the appellant's motion to amend its notice of appeal.

The plaintiff has apparently taken the appeal and perfected the same in this Court upon the theory the judgment entered in the trial court was separable and divisible; that it might appeal from that portion of the judgment which was entered on its complaint without submitting the whole cause for a retrial in this Court. The wording of the notice of appeal, heretofore quoted, makes this clear. Furthermore, it also seeks a trial de novo limited to a review and retrial relating to plaintiff's complaint. The specifications of error, made a part of the notice of appeal, are also directed to the claim it was error to dismiss the plaintiff's complaint.

Under the circumstances we are of the opinion that this Court has no jurisdiction to try the cause anew.

■ The only authority possessed by the Supreme Court to try cases anew is that conferred by § 28–27–32, N.D.C.C. Clauson v. Olson, 79 N.D. 858, 60 N.W.2d 198 (1953); First National Bank of Crary v. Bremseth, 60 N.D. 401, 234 N.W. 758; Tronsrud v. Farm Land & Finance Co., 18 N.D. 417, 121 N.W. 68; Mapes v. Metcalf, 10 N.D. 601, 88 N.W. 713; Littel v. Phinney, 10 N.D. 351, 87 N.W. 593.

■■ It is clear that the judgment, as entered, was a single indivisible judgment denying relief to both the plaintiff and the defendant, and this appeal is from only that part with which the appellant is dissatisfied, and it seeks a review in this Court of only so much of the case as pertains to that part of the judgment. It is well settled that the Supreme Court has no jurisdiction to review or retry an action tried and appealed under § 28–27–32, supra, unless the entire judgment appealed from is before us for final disposition. Clauson v. Olson, supra; First National Bank of Crary v. Bremseth, supra; Marquette Nat. Fire Ins. Co. v. McCutcheon, 54 N.D. 596, 211 N.W. 433; Hoellinger v. Hoellinger, 38 N.D. 636, 166 N.W. 519; Tronsrud v. Farm Land & Finance Co., supra; Crane v. Odegard, 11 N.D. 342, 91 N.W. 962; Mapes v. Metcalf, supra; Prescott v. Brooks, 11 N.D. 93, 90 N.W. 129.

■■ The appellant cites Montana-Dakota Utilities Co. v. Amann, 81 N.W.2d 628 (N.D.1957), in which this Court allowed an appeal taken from a part of the judgment and a part of an order denying a new trial. Section 28–27–05, N.D.C.C., provides that an appeal must be taken by serving a notice of appeal and filing the same in the office of the clerk of court, and which, among other things, must state whether the appeal is "from the whole or a part" of the judgment or order appealed from, and if from a part only, specifying the part appealed

from. This Court in that case held that the statute is an express authorization of an appeal from a part of a judgment and a part of an order, but held that the statute allows such an appeal from a part thereof only if that part is severable from the remainder. It then laid down the test as to whether the part of a judgment or order appealed from is severable. It is stated in the syllabus as follows:

> The test as to whether a part of a judgment and order appealed from is so interwoven with other provisions as to preclude an independent examination of the part challenged is whether the matters or issues embraced therein are the same as, or inter-dependent upon, matters or issues which have not been attacked.

The Court in *Amann* found when the appeal was from a judgment in an eminent domain action tried to a jury to establish damages, and the award for damages complained of, was to the remainder of the farming unit apart from the taking of the fifty-foot easement that the two were severable and divisible. The holding in that case is not applicable to the case at bar. The plaintiff's complaint, and the defendant's counterclaim in the instant case, are so interwoven as to preclude an independent examination of the part challenged without consideration of the issues embraced in the other. The basis of the counterclaim arose out of the same transactions as the plaintiff's claim; it was a compulsory counterclaim under Rule 13(a), N.D.R.Civ. P. A determination of one cannot be made without consideration of the issues alleged in the other. The single judgment dismisses both. It follows that the appeal must be dismissed.

The appellant's motion to amend the notice of appeal must be denied. The failure to appeal from the whole of an indivisible and inseparable judgment is a jurisdictional defect. First National Bank of Crary v. Bremseth, supra; and Marquette Nat. Fire Ins. Co. v. McCutcheon,

supra. The judgment in this case was entered on May 3, 1966, and notice of entry served the same day. The notice of appeal was served on October 25, 1966. The motion to amend the notice of appeal was made on May 17, 1967. Thus the application to amend was made long after the time for appeal from the judgment had expired.

For the reasons herein stated it is ordered that the appeal be dismissed and the motion to amend the notice of appeal be denied.

STRUTZ, ERICKSTAD, KNUDSON and PAULSON, JJ., concur.